HERMAN RUBIN, BY NEXT FRIEND, AND JACOB RUBIN, INDIVIDUALLY, RESPONDENTS, v. L. H. TROWBRIDGE SIGN COMPANY, APPELLANT.

Submitted July 9, 1923—Decided November 19, 1923.

1. A doctor, called as an expert to testify to the condition of a person in respect to injuries, cannot, if he was not his attending physician, testify about symptoms which rested wholly upon what the person told him.
2. If a portion of a witness' answer was volunteered, and not responsive, the adverse counsel is entitled to move that the objectionable part of the answer be stricken out, and if this course is not pursued, there is no ruling upon the subject which the appellate court can review.
3. In an action of tort by an infant, suing by his next friend, the next friend has no authority to compromise or settle the suit, except by leave of the court.

On appeal from the Essex County Circuit Court.

For the appellant, *Mulligan & Koenig (George D. Mulligan,* of counsel).

For the respondents, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

KALISCH, J.  The grounds of appeal which are properly for consideration by this court relate only to alleged trial errors in the admission and rejection of evidence.

The plaintiff, a minor, aged nineteen years, was injured by a board falling from a painter's scaffold which was under the control and management of the defendant below.

The plaintiff Herman Rubin sued by his next friend, his father, and there was also a count in the complaint in favor of the father for loss of service.  The jury found a verdict in favor of each, upon which verdicts judgment was entered. The defendant admitted liability.  The issue between the parties was confined to the question of damages sustained by each of the plaintiffs.

The first point made and argued in the brief of appellant's counsel rests upon an alleged error of the court growing out of the following circumstance:  Dr. Bissett was called by the plaintiff to give expert testimony and was asked upon his direct-examination:

"*Q.* Did you make an examination of the plaintiff Herman Rubin in this case in conjunction with Dr. Shack?

"*A.* I did.

"*Q.* When?

"*A.* Yesterday.

"*Q.* What examination did you make, doctor, and what did the examination disclose?

"*A.* Dr. Shack brought the boy to the office yesterday.  I questioned him and got the story from him.  I examined him, looked at his head.  He had a scar on his head in the region of the bregma, which is about one inch long.  He said he had a headache, which, of course, I could not see, and he said he had dizzy spells.

"*Q.* (By the Court) : Did you ever have a patient give you a pain?

"*A.* Yes, sir.

"*Q.* (By the Court). But you never saw the pain?

"*A.* No."

"Mr. Mulligan—I object to his testifying what the patient told him because he was not the attending physician; he was only called upon to give an expert opinion." "The Court— I will admit it." To this ruling counsel for defendant took an exception. It is to be observed that the incompetent testimony consisted of what the patient told the doctor as to the headaches and dizzy spells, the doctor not being the plaintiff's attending physician, and, hence, was inadmissible. *Consolidated Traction Co.* v. *Lambertson,* 60 *N. J. L.* 452.

It is apparent from the question which was put that the objectional part of the doctor's answer was not responsive and was volunteered. In such a situation the adverse party was entitled to move that the objectionable part of the answer be stricken out. *State* v. *D'Adame,* 84 *N. J. L.* 386. This course was not pursued, and, therefore, there is no ruling of the court on the subject before us for review. It further appears that the answer was completely sterilized of any harmful effect by the questions put by the court to the doctor and his replies thereto, immediately following such answer. It was not until after this that defendant's counsel made objection, not specifically, to the answer already in, but to "the witness testifying what the patient told him," &c., when the trial judge said, "I will admit it." But in the very next question put to the witness counsel of plaintiff said: "Now, doctor, I do not want you to depend just now on anything that has been told you whatsoever, but I want you to tell this court and jury what examination you made and what it disclosed to you, omitting now any reference to any history you obtained from him or his doctor."

By this question it is manifest that the statement volunteered by the physician of what was told him by the infant plaintiff as to his symptoms was repudiated by the latter's counsel, who instructed the witness, in express terms, to confine his testimony solely to what was disclosed by the physical examination made and to base his expert opinion upon such examination alone.

The second and third points in the brief of appellant's counsel relate to the grounds for reversal based upon the

rejection by the court of testimony offered in appellant's behalf and tending to establish that Jacob Rubin, the next friend of his infant son in the action, made an offer of compromise in settlement of it.

We think this testimony was properly excluded. It is not necessary to consider here whether an offer of a compromise, accepted or unaccepted may be, properly, given in evidence in a tort action where liability is conceded and the only question to be considered is the amount of damages recoverable. For in the present case the plaintiff Herman Rubin was an infant suing by next friend, and, therefore, Jacob Rubin, his father, could not make an offer of compromise which would be legally binding on his son.

"A guardian *ad litem,* or next friend, has no authority to compromise or settle the suit, except by leave of the court." 22 *Cyc.* 663, and cases there cited.

The only other point urged in appellant's brief is that the verdict is against the clear weight of the evidence, and is excessive.

This presents no valid ground of appeal.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.