17 N.J. Super. 306 (1952)
86 A.2d 14
JACOB LOESCH, TO THE USE OF HARLEYSVILLE MUTUAL CASUALTY COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT,
v.
COSTAS VASSILIADES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1951.
Decided January 16, 1952.
*307 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
*308 Mr. Huyler E. Romond argued the cause for appellant (Messrs. Toolan, Haney & Romond, attorneys).
Mr. Charles P. Berman argued the cause for respondent (Mr. Albert M. Neiss, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The question is whether the indemnity agreement involved in this case is void as against public policy.
On August 2, 1947, an automobile owned and operated by the plaintiff, Jacob Loesch, collided with another automobile in which Georgea Vassiliades, the daughter of the defendant Costas Vassiliades, was a passenger, and Georgea suffered injuries. Georgea was 17 years of age at the time. On August 18, 1947, a representative of Loesch's insurance carrier, Harleysville Mutual Casualty Company, offered the Vassiliadeses a lump sum of $150 in full settlement of any claims they might have against Jacob Loesch as a result of the accident. The $150 was paid and Costas Vassiliades signed an instrument entitled "Guardian Release."
The subject matter of this appeal is an indemnity clause contained in this release, which provides:
"THIS IS TO CERTIFY that I Costas Vassiliades parents and guardians of the above named Georgea, a minor of 17 years of age, in consideration of the above payment, which is made to said minor at my request, do hereby acknowledge satisfaction in full of all claims arising out of said injuries and do release and forever discharge said Jacob Loesch agents and employes, from any liability by reason thereof.
As further consideration for payment of said sum I hereby agree to protect the said Jacob Loesch against any claim for damages, compensation or otherwise on the part of my minor daughter Georgea or any other party, growing out of or resulting from injury to my said daughter Georgea in connection with the above mentioned accident, and to reimburse or make good to said Jacob Loesch any loss or damage or costs the said J. Loesch may have to pay if any litigation arises from said injuries; and I hereby waive any and all rights of exemption, both as to real and personal property, to which I may be entitled under the laws of this or any other state, as against such claims for reimbursement or indemnity by the said Jacob Loesch."
*309 After the signing of this "Guardian Release" containing the indemnity clause, Costas Vassiliades instituted a suit on behalf of his daughter Georgea against Jacob Loesch, which resulted in a jury verdict of "no cause of action." The present suit was then brought against Costas Vassiliades on the indemnity provision contained in the release, and resulted in a judgment in favor of the plaintiff and against the defendant for $887.19, plus costs of $39.59.
The question whether a particular contract is void as against public policy is one which the court must decide in the light of the particular circumstances of each case. Allen v. Commercial Casualty Insurance Co., 131 N.J.L. 475, 154 A.L.R. 834 (E. & A. 1944). A parent has no authority, unless he has been appointed guardian, to compromise or release claims or causes of action belonging to the child. 39 Am. Jur., Parent and Child, § 34. No binding compromise or settlement of the claim or cause of action of an infant may be made, even by a judicially appointed guardian, except by leave of court. Rubin v. Trowbridge Sign Co., 99 N.J.L. 216 (E. & A. 1923). When the father signed the release, he acted as though he were a judicially appointed guardian of his infant daughter. Such a guardian owes a duty to his ward to recover to the fullest extent for any legal claim she may have, by prosecution if necessary, and to settle such claim only upon judicial approval. He is not permitted to place himself in a position where it would be for his benefit to violate his duty to his ward. 2 Scott on Trusts, § 170 (1939).
When the Insurance Company induced the defendant to sign the release of the infant's claim against Loesch, it knew that the release, standing alone, would be no bar to the prosecution of a suit to recover for the injury suffered by the infant. Rubin v. Trowbridge Sign Co., above. See cases annotated 103 A.L.R. 500. The incorporation in the "Guardian Release" of the indemnity provision binding the father was an obvious attempt to circumvent the public policy of this State with regard to the prosecution and settlement *310 or compromise of claims of infants. As a practical matter, the parent has almost complete control, during the minority of the child, in determining whether or not a claim on behalf of his infant child shall be advanced. The parent, as natural guardian, owes the child a duty of protection and guidance. There is at least a moral duty on the part of the parent to see to it that the child's property rights are fully protected. By the terms of this indemnity agreement, the father covenanted to make himself personally liable in case of suit brought against Loesch for the benefit of the infant, first, for the costs of Loesch for his defense, regardless of the outcome of such suit, and, second, for the amount of any recovery in such suit. If such an agreement could be enforced, it would be for the benefit of the father to prevent the bringing of any suit on the claim of the infant, no matter how advantageous such suit might be for the infant. Therefore, the insurance company induced him to enter into a contract in which his personal interest came, or might come, into conflict with his duty to his daughter. It is clearly void as against public policy because it is an agreement, the object or necessary tendency of which is to place a person owing a duty to a third person, in a position where he is under obligations inconsistent with such duties. Such an agreement is void, even though in fact it has no such bad effect. 12 Am. Jur., Contracts, § 179; cf. Restatement, Contracts, § 570 (1932); 6 Williston on Contracts, § 1750 (1938).
Judgment reversed.