111 N.J. Super. 104 (1970)
267 A.2d 557
STEVEN A. FITZGERALD, AN INFANT BY HIS GUARDIAN AD LITEM, ARTHUR W. FITZGERALD AND ARTHUR W. FITZGERALD, INDIVIDUALLY, PLAINTIFFS,
v.
NEWARK MORNING LEDGER COMPANY, TRADING AS NEWARK STAR LEDGER, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 29, 1970.
*105 Mr. Ronald W. Spevack for plaintiffs (Messrs. Spevack & Kogos, attorneys).
Mr. Lawrence S. Grossman for defendant (Messrs. Burton, Quackenboss & Axelrod, attorneys).
CONVERY, J.S.C.
This suit arsies out of personal injuries allegedly sustained by the infant plaintiff Steven A. Fitzgerald while on a trip to Bear Mountain sponsored by defendant Newark Morning Ledger Company, trading as Newark Star Ledger. The infant plaintiff was a newsboy for defendant and entered a contest wherein, if he got additional subscribers on his route, he would be given the opportunity to go on a trip to Bear Mountain. A condition to being allowed to go on the trip was that his parents had to sign an agreement to release defendant from any and all claims for injuries sustained by the infant plaintiff on the *106 trip and also to indemnify defendant for any and all injuries claimed by the infant plaintiff. The form was shown to the father and the infant plaintiff and was signed by them. The infant plaintiff was then allowed to go on the trip, and while walking around Bear Mountain Park was accosted by a group of teenagers and allegedly injured.
Defendant moves for summary judgment against plaintiffs based on the release signed by Arthur W. Fitzgerald, father of the infant plaintiff, and also requests the court to grant judgment on defendant's counterclaim for indemnification against plaintiff Arthur W. Fitzgerald.
Plaintiffs move to strike the defenses of release and indemnification as being against public policy.
In support of its summary judgment motion defendant argues that in the absence of fraud, misrepresentation, or overreaching by the release, and in the absence of a showing that the releasor suffered from an incapacity affecting his ability to understand the meaning of the release, and in the absence of any other equitable ground, a release is binding and the releasor will be held to the terms of the bargain he willingly and knowingly entered. Raroha v. Earle Finance Corp., Inc., 47 N.J. 229 (1966); Wojcik v. Pollock, 97 N.J. Super. 319 (Law Div. 1967). While these cases accurately set out the general law of releases in this State, in both of them the release was tendered and executed after the alleged tortious conduct of defendant and as part of a settlement of plaintiff's claim.
The release in the instant case might better be characterized as a contract exempting liability for future negligent acts.
A contract exempting a person from liability for future negligent acts is subject to the objection that it tends to induce a want of care, and such agreements are often declared invalid on the grounds of public policy. Much depends upon the positions of the contracting parties. If they do not stand on a footing of equality, so that one is compelled to submit to a stipulation relieving the other from liability for future negligence, the stipulation is invalid. * * * On the other hand, situations may exist where the relationship of the parties is *107 such as to compel recognition of the validity of a contract limiting liability for negligence. In fact, it is said that contracts against liability for negligence are valid except in those cases where a public interest is involved. Such a contract, however, is not favored by the law, and should be construed strictly, with every intendment against the party seeking its protection. [38 Am. Jur., Negligence, § 8, at 649]
New Jersey accepts the view that such agreements are void if they violate public policy. McCarthy v. Nat'l. Ass'n. for Stock Car Auto Racing, etc., 48 N.J. 539 (1967).
A parent, as natural guardian, owes his child a duty of protection and guidance, and there is at least a moral duty to see that a child's property rights are fully protected. A parent has no authority unless he has been appointed guardian to compromise or release claims or causes of action belonging to the child. Loesch to Use of Harleysville Mutual Cas. Co. v. Vassiliades, 17 N.J. Super. 306 (App. Div. 1952).
In Ohio Casualty Ins. Co. v. Mallison, 223 Or. 406, 354 P.2d 800 (1960), plaintiff insurance company brought an action to enforce an indemnity agreement entered into by defendant parents in consideration for settlement of their child's claim. The contract required defendants to indemnify plaintiff as against any loss by reason of any later suit brought by the child. A subsequent discovery of injuries more serious than those contemplated at the time of settlement resulted in an action against the tortfeasor, plaintiff's insured, in which the minor recovered. The Supreme Court of Oregon held that an agreement which places parents in a position whereby their interests will conflict with those of their child violates the principle that a fiduciary may not undertake an obligation inconsistent with the duty which grows out of that relationship. Furthermore, this agreement precipitates a situation wherein family harmony may be jeopardized and was therefore held to be contrary to public policy.
By the terms of this release and indemnity agreement, the father and son covenanted to release defendant from any *108 and all claims arising out of or in connection with said trip and agreed to indemnify and save harmless defendant from all claims that may be made by or on behalf of the son. If such an agreement could be enforced it would be for the benefit of the father to prevent the bringing of any suit on the claim of the infant no matter how advantageous such suit might be for the infant. Therefore, defendant induced the father to enter into a contract in which his personal interest came, or might come, into conflict with his duty to his son. It is clearly void as against public policy because it is an agreement, the object or necessary tendency of which is to place a person owing a duty to a third person, in a position where he is under obligations inconsistent with such duties. The agreement placed the father's personal interest in a position antagonistic to his duty toward the infant. A true conflict arose after the alleged injury to the minor.
Defendant's motion for summary judgment is denied. Plaintiffs' motion for summary judgment to strike the defenses of release and indemnification is granted.