## Lang v. Beishline

*Samuel Litzenberger*, for plaintiffs.
*Mark B. Weber*, for defendant.

WALSH, J., May 17, 1972.—This action is before the court en banc on the preliminary objections of additional defendants in the nature of a demurrer to defendant's complaint. Minor plaintiff was injured in a one-car accident when he was riding as a guest passenger in an automobile operated by the original defendant. Plaintiff's complaint contained the customary counts for damages for the minor and for the expenses incurred by the parent plaintiff. Defendant answered and pleaded settlement with the minor and parents under a written release. Defendant also joined the parents as additional defendants to enforce a covenant in the release whereby the parents agreed to indemnify defendant against any further claim by minor plaintiff which might arise from the accident. At oral argument, counsel for all parties acknowledged that the release of the minor's personal claim is voidable and that the release of the parents' claim for expenses is valid and binding: Myers v. Sezov, 16 Bucks Co. L. Rep. 119, 39 D. & C. 2d 650 (1966); Crew et al. v. Bartels et al., 27 F. R. D. 5 (U.S.D.C.E.D. Pennsylvania).

The questions remaining are twofold: (1) Does the claim for indemnity constitute a misjoinder of a cause of action in trespass with one in assumpsit? (2) Is the covenant of indemnity contrary to the public policy of Pennsylvania?

If the only objection raised against the joinder of the additional defendants were the averment that it constitutes a misjoinder of a cause of action, we would have to overrule it. The amendments of 1969 to Pa. Rule of Civil Procedure 2252 have expanded the rule sufficiently to permit claims of indemnity arising out of the same factual background as plaintiff's cause of action: Nagle v. Split Rock Lodge, Inc. 52 D. & C. 2d 497 (1971). But the further objection that the

indemnification covenant in the release is contrary to the public policy of Pennsylvania must be sustained. It is the public policy of this State to protect the property rights of minors against encroachments from all sources, including the minors' parents. The legislature has seen fit to implement this policy by provision for court approval of compromise settlements and for court control over the assets in minors' estates. The consideration recited in the release and indemnification covenant in the instant case is payable to the minor and his parents without limitation as to its ultimate disposition. There is no allocation of the fund between parents and child and even if there were, there is no provision for protection of the minor's share for his benefit.

The effect is not only to circumvent court approval, but also to dissuade the parents from their duty to promote their child's rights by suit if need be. The knowledge by parent and child that the parent has incurred a liability for payment of any verdict which the child may obtain will result in most instances in abandonment of those rights. We have found no Pennsylvania decisions on this question, but in the three States wherein it has arisen, the courts have uniformly ruled that such indemnity provisions contravene public policy: Valdimer v. Mt. Vernon Hebrew Camps, 210 N.Y.S. 2d 520 (N.Y., 1961), Ohio Casualty Insurance Company v. Mallison, 354 P. 2d 800 (Ore., 1960); Loesch v. Vassiliades, 17 N. J. Superior Ct. 306, 86 A. 2d 14 (1952). In the Loesch case, supra, the Superior Court of New Jersey said, at page 16:

"If such an agreement could be enforced, it would be for the benefit of the father to prevent the bringing of any suit on the claim of the infant, no matter how advantageous such suit might be for the infant. Therefore, the insurance company induced him to enter into

636

a contract in which his personal interest came, or might come, into conflict with his duty to his daughter. It is clearly void as against public policy because it is an agreement, the object or necessary tendency of which is to place a person owing a duty to a third person, in a position where he is under obligations inconsistent with such duties. Such an agreement is void, even though in fact it has no such bad effect. 12 Am. Jur., Contracts, §179; cf. Restatement, Contracts, §570 (1932); 6 Williston on Contracts, §1750 (1938)."

### ORDER

And now, to wit, May 17, 1972, it is ordered that the preliminary objections to the complaint joining Louis R. Lang as an additional defendant and the preliminary objections to new matter joining Susan E. Lang as an additional defendant are sustained. The preliminary objections to the release signed by Louis A. Lang and Susan E. Lang of claims in their own right are overruled.