John W. GIBSON, Sr., Indv. and as Next Friend of John W. Gibson, Jr., Relator,

v.

Hon. William N. BLANTON, Jr., District Judge, Respondent.

No. 15964.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 22, 1972.

Eddington & Friloux, Houston, Warren L. Eddington, Houston, of counsel, for relator.

James G. Sargent, Houston, for respondent.

An Original Proceeding

COLEMAN, Justice.

This is an application for a writ of mandamus to require the Honorable William Blanton, Jr., District Judge, to grant a motion for non-suit filed by Petitioner in the capacity of next friend for a minor plaintiff.

Cause No. 868,973, pending in the 11th District Court of Harris County, Texas, is a suit for damages arising out of an automobile collision filed by petitioner individually and as next friend for his minor son. After reaching a settlement with the defendant, petitioner filed a motion for non-suit in both capacities. This motion was brought to the attention of the trial court, who thereupon examined the pleadings, heard testimony, and the argument of counsel. The court determined that there was a conflict between the interests of petitioner and those of his minor son. An order was entered granting the motion as to the adult plaintiff. The order recites that because of the existing conflict of interest petitioner is not competent in law to represent the minor, and that in accordance with Rule 173, Texas Rules of Civil Procedure, the court appoints James G. Sargent as Attorney and Guardian Ad Litem for the minor plaintiff. No ruling was made on the motion for non-suit filed by petitioner as next friend.

Rule 173, T.R.C.P., provides that where a minor is a party to a suit either as plaintiff, defendant or intervenor and is represented by a next friend who appears to the court to have an interest adverse to such minor, the court "shall" appoint a guardian ad litem for such person and allow him a reasonable fee for his services to be taxed as part of the costs of court.

In Newman v. King, 433 S.W.2d 420 (Tex.1968), the court said:

"Under the quoted provisions of Art. 5929 and Rules 44 and 173, a change of name application may be filed on behalf of a minor by 'next friend,' who has all the rights concerning the proceeding that a guardian would have; and displacement of the next friend with a court appointed guardian ad litem, although mandatory when authorized, is authorized only when it 'appears to the court' that the next friend has an interest 'adverse to the minor.' While caution would dictate the displacement in every legal proceeding in which the pleadings or the evidence indicate a reasonable possibility of adverse interest, an error in judgment by the trial judge in deciding the preliminary issue of adverse interest and in failing or refusing to make the displacement does not differ in ultimate effect from errors in judgment which a trial judge may make in deciding many other questions during the course of a trial. . . . ."

■ Rule 164, T.R.C.P., provides that where a case is tried by the judge, a non-suit may be taken at any time before the decision is announced. The failure to grant a non-suit timely filed is reversible error. Smith v. Columbian Carbon Co., 145 Tex. 478, 198 S.W.2d 727 (1947). The Supreme Court of Texas has stated that the statute from which this rule was taken

gives a plaintiff an "absolute right" to take a non-suit under the conditions stated therein. Renfroe v. Johnson, 142 Tex. 251, 177 S.W.2d 600 (1944). In the same case, however, the court approved the statement that "the privilege given by the statute is not entirely without limitation." Ibid at p. 602.

In Eckert v. Stewart, 207 S.W. 317 (Tex.Civ.App.—Amarillo 1918, writ ref.), the court said:

" . . . . The case will be reversed, with direction that the trial court enter up a judgment, decreeing to the appellants herein and plaintiffs below the interests to which they are entitled under the wills of their grandparents, and a judgment for such interest as the minors, represented by the guardian ad litem, are entitled to under the wills, and the court will decree a partition of the land to be made in accordance with law. The minors are not appealing, and have not cross-assigned on this appeal; but they are by law wards of the court, and it is the duty of the court, as we conceive it, to see that their interests are protected. Their interests, under the pleadings and evidence in the case, are in common with the plaintiffs and under the same right. As to the adults who permitted judgment by default, the judgment will be affirmed."

In Ex Parte Taylor, 322 S.W.2d 309 (Tex.Civ.App.—El Paso 1959), the court said: " . . . it [is] well settled that when a suit is instituted in behalf of minors by next friend, the minors, and not the next friend, are the real plaintiffs. McDonna v. Wells, 1 Posey, Unrep.Cas. 35; Long v. Behan, 19 Tex.Civ.App. 325, 48 S.W. 555; Gulf, C. & S. F. Ry. Co. v. Styron, 66 Tex. 421, 1 S.W. 161 . . . "

When it "appears to the court" that there is a conflict between the interests of the minor and those of his next friend, it is the duty of the court to appoint a guardian ad litem. It is his duty to make the appointment before he acts on a motion for non-suit filed on behalf of the minor by the next friend. If there is a conflict of interest between the minor and his next friend, a non-suit of the personal cause of action of the next friend will not resolve the conflict. The procedure followed by the trial court was within his discretionary powers.

In a proper case mandamus will issue to require the performance of a ministerial act, or to require the exercise of judicial discretion, without any direction as to the manner in which it shall be done. It may be issued to require a judge to enter or set aside a particular order where the directed course of action is the only proper course and the petitioner has no other adequate remedy. Pope v. Ferguson, 445 S. W.2d 950 (Tex.1969).

The determination of the existence of a conflict of interest requires the exercise of judicial discretion. While it may be that the petitioner has no other adequate remedy, it does not appear that an order directing the trial judge to enter a non-suit is the only proper course of action.

The application for mandamus is denied.