Benito MUNOZ, Elida Munoz, Individually, a/n/f of Erika Munoz, Appellants,

v.

II JAZ INC. d/b/a Physical Whimsical, Appellee.

No. A14–92–01342–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 16, 1993.

Rehearing Denied Nov. 4, 1993.

Bernard Bolanos, Houston, for appellants.

Ronald P. Schramm, Adam Miller, Jay Hursch, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a summary judgment granted in favor of John Torry, Lisa Torry and II Jaz Inc., d/b/a Physical Whimsical ("Amusement Park"). The appeal is taken only as to the Amusement Park. Appellants, Benito, Elida and Erika Munoz, sued the Amusement Park for damages resulting from personal injuries Erika incurred while at the Amusement Park. The trial court granted summary judgment based on a "Waiver of Liability" form ("waiver") signed by Erika's older sister who accompanied her to the Amusement Park. We reverse and remand.

Appellants Benito and Elida Munoz ("parents") are the parents of Erika who, at the time of her injuries, was a nine year old minor child. The parents gave their adult daughter, Estella ("adult daughter") permis-sion to take Erika to the Amusement Park and provided the fee for Erika's entrance. Before allowing Erika's entrance, the Amusement Park required the adult daughter to sign a waiver which reads:

> I have brought each child listed below to Physical Whimsical and I expressly acknowledge and agree that I am solely responsible for each child while he/she is here. I am aware of the safety rules set out by Physical Whimsical which must be obeyed and I have fully explained each rule to each child listed below. I agree to supervise each child listed below to make sure he/she obeys all the rules. I also agree that I will not leave any child under the age of nine years unattended at any time.

> I understand that Physical Whimsical or any entity associated with this business will not be responsible for any accidents occurring while on this property. Consenting adults will be totally responsible for their own safety as well as the safety of the children.

Erika was later injured when she fell off of a ride at the Amusement Park. The parents filed suit as next friend of Erika to recover for medical care, physical impairment, disfigurement, physical pain and mental anguish. The parents also sued individually to recover for medical care and loss of service.

When reviewing the granting of a summary judgment, the appellate court must view the evidence in favor of the non-movant, resolving all doubts and indulging all reasonable inferences in favor of reversal of the summary judgment. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex. 1985). Unless the non-movant proved beyond question that it was entitled to judgment as a matter of law, this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–29 (Tex.1970). The standards to apply when reviewing summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and

that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon,* 690 S.W.2d at 548–49.

In Appellants' sole point of error, they contend that the trial court improperly granted summary judgment in favor of Appellees because genuine issues of material fact exist. Under this point of error, Appellants include three separate contentions.

One of Appellants' assertions is that the waiver is ambiguous and therefore invalid. We do not find this contention in Appellants' response to the motion for summary judgment and it cannot be raised for the first time on appeal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 679 (Tex.1979). Thus, this contention has not been preserved for appeal and is waived.

■ Second, Appellants assert that there is a genuine issue of material fact as to the adult daughter's authority to waive the causes of action of both Erika and her parents. We agree. In order for the waiver to be effective, an agency relationship must have existed between the adult daughter and the parents. The adult daughter must have had either actual or apparent authority to bind the parents to such a waiver. *Currey v. Lone Star Steel Co.,* 676 S.W.2d 205, 209 (Tex.App.—Fort Worth 1984, no writ). Actual authority is authority that the principal intentionally conferred upon the agent, or either intentionally or for want of due care, allowed the agent to believe he possessed. *Moody v. EMC Services, Inc.,* 828 S.W.2d 237, 241 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (citing *Currey,* 676 S.W.2d at 209–10). By contrast, apparent authority is based on estoppel, whereby a third party relies upon conduct by the principal which would lead a reasonable person to believe the agent had authority to act and to bind the principal. *Moody,* 828 S.W.2d at 241. When considering a question of apparent authority, one must look only to the acts of the principal; the acts of the agent are irrelevant. *Id.*

■ The summary judgment evidence indicates only that Mrs. Munoz gave her adult daughter permission to take Erika to the Amusement Park and provided her with Erika's fee to enter. She told the adult daughter to "watch" Erika and to be careful. We hold that the Amusement Park's motion and summary judgment evidence fails to resolve the issues concerning the adult daughter's authority to waive both Erika's and the parents' causes of action and thus, sustain Appellants' second contention.

Appellants' final argument concerns the ability to waive a minor child's right to sue for personal injury damages. They assert that the adult daughter had no legal authority to waive Erika's right because the Family Code vests that power in the parents exclusively, or alternatively, that it is against public policy for even parents to waive their minor child's right to sue. Appellee contends that the alternative argument concerning public policy was not preserved for appeal because Appellants did not raise it below. However, Appellants did raise it in their response to the motion for summary judgment when they stated that the waiver does not effect the rights of the minor child or the parents, but only the rights of the older daughter since it was signed only by her.

■ Section 12.04(7) of the Family Code grants to the parents of a minor child the power to make decisions of substantial legal significance concerning the child. This is an exclusive grant of power that could not be exercised by the adult daughter. *See Massey v. Galvan,* 822 S.W.2d 309, 319 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

■ However, the question whether this power given under the Family Code allows a parent to waive a child's right to sue for personal injury has not been decided. We hold that section 12.04(7) of the Family Code, which empowers a parent to make legal decisions concerning their child, does not give parents the power to waive a child's cause of action for personal injuries. Such an inter-

pretation of the statute would be against the public policy to protect minor children.

Our decision is based on what our supreme court has described as a "strong, long-standing policy of this state to protect the interests of its children." *Williams v. Patton*, 821 S.W.2d 141, 145 (Tex.1991). In *Williams*, the supreme court held that parents could not agree to reduce the amount of child support because it is a benefit of the child, not the custodial parent. *Id.* Although the opinion was based on a provision in the Family Code that requires the trial court to supervise any action concerning child support, the supreme court explained that the foundation for the statute was a public policy to protect children. *See id.*

In his concurring opinion, Justice Doggett stated that parental releases of a minor child's potential claims are "outrightly disfavored." *Id.* at 147 n. 8 (Doggett, J., concurring). Justice Doggett recognized that other states having this policy to protect children have applied it to situations directly on point. *See e.g., Fitzgerald v. Newark Morning Ledger Co.*, 111 N.J.Super. 104, 267 A.2d 557 (1970) (holding that a release form signed by the parent as a condition of the child's participation in an outing sponsored by the defendant was void as against public policy); *Fedor v. Mauwehu Council, Boy Scouts of America, Inc.*, 21 Conn.Supp. 38, 143 A.2d 466, 468 (Conn.Super.Ct.1958) (holding that waiver of all claims for damages signed by the parent as a condition of the child attending summer camp was invalid as against public policy).

The supreme court applied this policy even earlier in *Lowery v. Berry*, 153 Tex. 411, 269 S.W.2d 795, 797 (1954). In *Lowery*, parents brought suit for themselves and as next friend for their minor child to recover for personal injuries incurred by the child. The jury found that the child suffered no damages and the parents moved for a judgment on the verdict so that they could recover the amount that the jury found they had incurred as medical expenses. *Id.* at 796–97. The supreme court held that "[n]either the next friend nor the parent of a minor child is authorized to agree to a judgment which throws away its substantial rights." *Id.* at

797. The court held that the jury verdict on the child's damages was contrary to the evidence, thus by moving for judgment on the verdict, the parents were forfeiting the child's rights. *Id.* at 796–97.

Therefore, in light of this state's long-standing policy to protect minor children, the language, "decisions of substantial legal significance" in section 12.04(7) of the Family Code cannot be interpreted as empowering the parents to waive the rights of a minor child to sue for personal injuries. Appellants' public policy argument is sustained.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a trial on the merits.