**Opinion issued August 16, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00226-CV

———————————

## IN RE KC GREENHOUSE PATIO APARTMENTS, LP, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

### DISSENTING OPINION

I respectfully dissent. Because I do not think the trial court abused its discretion in removing the minor child's mother, Shardae Redman, as the child's next friend and appointing the paternal grandfather, Kenneth Brooks Sr., as next friend and guardian ad litem, I would deny the petition for writ of mandamus.

Mandamus relief is available only if the court clearly abused its discretion and the party has no remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602,

605 (Tex. 2000). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *In re Fort Worth Children's Hosp.*, 100 S.W.3d 582, 590 (Tex. App.—Fort Worth 2003, orig. proceeding).

Here, the trial court appointed an ad litem to explore whether the mother had an adverse interest to that of her child after the mother—who had the sole power to make legal decisions for the child—refused to respond either to the court or to the child's lawyer for more than a year. The ad litem, after a number of attempts to contact the mother—who either hung up on him or, in one instance, before hanging up the phone, announced that she would not talk to any attorney—issued a report advising the court of the ad litem's conclusion that the mother had an adverse interest to that of the child. The court held a hearing on the report at which it questioned the ad litem and the attorneys for both parties. Ultimately, based on the foregoing, it found that the mother appeared to have an adverse interest to that of her child and appointed the grandfather to act as next friend and guardian ad litem. In making its decision, the trial court initiated and pursued a thorough and

2

thoughtful process. While some might not agree with its decision, the result does not rise to a clear abuse of discretion.

In *Texas Employers Insurance Corporation v. Keenom*, we addressed the appellant's contention that the trial court erred in appointing an unnecessary attorney ad litem to represent the minor. 716 S.W.2d 59, 66 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Agreeing with the appellant that the proper test in the decision to appoint a guardian ad litem is whether there is an adverse interest or whether an adverse interest is likely to arise—a decision within the trial court's discretionary powers—we stated that the relator or appellant must show a clear abuse of discretion to defeat the appointment. *Id.* at 67. We observed that, although the respective attorneys presented their allegation supporting and refuting the necessity for the appointment of an ad litem, there was no sworn testimony pertinent to a present or potential adverse interest between the next friend and the minor. *Id.* Nevertheless, we held that appellant had not carried its heavy burden to prove an abuse of discretion by the court. *Id*.

Here, not only do we have the arguments of the respective attorneys at the hearing, but also the report and testimony of the ad litem finding the appearance of an adverse interest and recommending the removal of the mother as the minor's next friend. Based on the record before us, there is much stronger evidence here

than in *Keenom* to support the conclusion that the trial court did not abuse its discretion in appointing Brooks as the ad litem.

The majority discusses extensively the constitutional dimensions of a parent's right to make decisions concerning their child's care, custody, and control. I have no argument with the discussion. Nor do I address it because it sheds no light on the issue before us, which is a narrow one: Did the court abuse its discretion in the application of the provisions of Rule 173 in the instant situation?

Rule 173 of the Rules of Civil Procedure provides that a court may appoint a guardian ad litem for a party represented by a next friend or guardian when "the next friend or guardian appears to the court to have an interest adverse to the party." TEX. R. CIV. P. 173.1(a)(1). As the majority correctly observes, the Texas Supreme Court has not defined "adverse interest." A plain reading of the statute, however, reveals that the statute does not provide that the adverse interest must be readily ascertainable. There simply has to be an *appearance* of an adverse interest. *See id.* Moreover, courts have held that the conflict need not be an actual conflict. The *potential* for conflict during trial or settlement negotiations also authorizes the appointment of a guardian ad litem. *Owens v. Perez*, 158 S.W.3d 96, 111 (Tex. App.—Corpus Christi 2005, no pet.).

The majority recites a number of common instances in which courts have found the guardian to have an adverse interest to that of the party. While most of

these involve the division of proceeds arising out of litigation when both the guardian and the minor have an interest in the proceeds, the rule is not limited to such circumstances. The majority places emphasis on Note 3 in the Comments to Rule 173, which states that "the rule contemplates that a guardian ad litem will be appointed when a party's next friend or guardian appears to have an interest adverse . . . because of the division of settlement proceeds." TEX. R. CIV. P. 173 cmt. 3. I do not read Comment 3 as limiting the definition of adverse interest. In point of fact, upon reading the entire comment, an argument could be made that the purpose of the comment is to describe the limited role of the ad litem in the division of the proceeds; it is not to limit the appointment of the ad litem to that sole situation alone.

In *Gibson v. Blanton*, this Court also considered the application of the provisions of Rule 173 regarding the appointment of an ad litem to replace the father of the minor. 483 S.W.2d 372, 373 (Tex. Civ. App.—Houston [1st Dist.] 1972, orig. proceeding). There, the father, who had instituted a suit for damages individually and as next friend for his minor son, brought an original proceeding for a writ of mandamus to require the trial court to grant the father's motion for a nonsuit filed in his capacity as next friend. *Id.* The trial court, after a hearing on the motion, had denied the motion. *Id.* Finding the appearance of a conflict

5

between the interests of the father and his son, the trial court had appointed an ad litem to replace the father as next friend of the minor. *Id.*

In denying the mandamus, this Court commented that "it is well settled that when a suit is instituted in behalf of minors by [a] next friend, the minors, and not the next friend, are the real plaintiffs." *Id*. at 374. We then held that, "when it 'appears to the court' that there is a conflict between the interests of the minor and those of his next friend, it is the duty of the [trial] court to appoint a guardian ad litem." *Id.* It is also the court's duty to make the appointment before acting on a motion for nonsuit filed by the next friend. *Id.* We did not elaborate further on the conflict, seemingly finding the record sufficiently showed an appearance of a conflict of interest between the minor and the next friend based solely on the father's attempt to nonsuit the minor son's claim. *See id.*

In addition, *Munoz v. II JAZ Inc.*, although not a case interpreting Rule 173, is analogous to *Gibson* and is instructive in this case. 863 S.W.2d 207 (Tex. App.—Houston [14th Dist.] 1993, no writ). The ruling in *Munoz* is based on the provisions of former Section 12.04(7) of the Family Code, now recodified as Section 151.001 of the Family Code, which is the statute granting the parents of a minor the power to make decisions of substantial legal significance concerning the child. *See* TEX. FAM. CODE ANN. § 151.001(a)(7) (Vernon 2008).

In *Munoz*, suit was filed against an amusement park on behalf of an injured minor. 863 S.W.2d. at 208. The trial court granted summary judgment in favor of the amusement park. *Id.* Although the summary judgment was ultimately reversed based on the invalidity of a waiver signed by the minor's older sister upon entry to the park, the *Munoz* court also took the opportunity to examine whether the power given under the Family Code to make legal decisions regarding a minor allows a parent to waive a child's right to sue for personal injuries. *Id.* at 209. Finding that the question had not been decided, the court held that former Family Code section 12.04(7) did not give parents the power to waive a child's cause of action for personal injuries. *Id.* The court based its decision on "what our supreme court has described as 'a strong, long-standing policy of this state to protect the interests of its children.'" *Id.* at 210 (quoting *Williams v. Patton*, 821 S.W.2d 141,145 (Tex. 1991)).

Finally, I comment briefly on the argument addressed by the majority regarding whether the trial court abused its discretion by appointing the grandfather in the dual role of next friend and guardian ad litem. Again, the majority states that the guardian's role is very limited, and no reason exists for the guardian ad litem to participate in the litigation except to the limited extent that it may bear on the division of settlement proceeds. As explained previously, while a guardian ad litem is commonly appointed to assist in the division of settlement

proceeds, Rule 173 does not limit its application to such a role. In fact, during the hearing on appointment of the grandfather in this case, the court envisioned that, should the litigation result in the award of monetary damages, the court would appoint yet another ad litem to participate in that process.

The majority also asserts that the court's order does not place the grandfather in any of the roles Rule 173 contemplates. However, Section 173.4(d)(3) of the Rule provides that the guardian ad litem must not participate in discovery, trial or any other part of the litigation unless:

(A) further participation is necessary to protect the party's interest that is adverse to the next friend's or guardian's, and

(B) the participation is directed by the court in a written order stating sufficient reasons.

TEX. R. CIV. P. 173.4(d)(3).

A trial court has broad discretion in managing the proceedings before it. Thus, the court is perfectly capable of defining and managing the dual role of the grandfather as next friend and as ad litem.

Finally, the majority cites *Land Rover U.K., Ltd. v. Hinojosa* as support for its conclusion that the guardian ad litem acts as an officer of the court and is, thus, prohibited from taking on the role of the minor's attorney. Here, the grandfather is not appointed as the minor's attorney. Both the minor and the grandfather are already represented by counsel.

8

Therefore, based on the above discussion, I do not find that the trial court's replacement of the mother as the minor's guardian ad litem and appointment of the grandfather as next friend and guardian ad litem, for the limited purpose of pursuing the instant litigation, to be a clear abuse of discretion. We do not know why the mother refused any communication for more than a year with the child's attorney or the trial court. As the majority correctly states, it is not ours to speculate on her motivation. Nevertheless, the practical result of the mother's actions was to effectively remove the minor from the lawsuit and to waive the child's cause of action.

As discussed, our Court has found that nonsuiting a minor's claim indicates an interest adverse to that of the minor. *See Gibson*, 483 S.W.2d at 374. The Fourteenth Court of Appeals, in an analogous case, has held that, under the Family Code, the power to make legal decisions for the child does not give the parents the right to waive a child's right to sue for personal injuries. *See Munoz*, 863 S.W.2d. at 209. Also, the Texas Supreme Court has held that, when deciding whether to replace a next friend, trial courts should consider *only* the minor's best interest; the interests of the next friend are irrelevant. *Urbish v. The Honorable 127th Judicial District Court*, 708 S.W.2d 429, 432 (Tex. 1986). Thus, whatever the mother's motivation was in refusing to participate in the lawsuit is irrelevant. Furthermore, her total lack of cooperation, at the very least, meets the appearance of an interest

adverse to that of her child. That appearance of an adverse interest is dramatically accentuated by the fact that it is the defendant, which has a strong interest in eliminating the most sympathetic plaintiff from the lawsuit, bringing this petition for writ of mandamus and seeking to reverse the appointment of the grandfather as the child's next friend. I would deny the petition for writ of mandamus and allow the trial court to proceed with its management of the litigation.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Justice Higley, dissenting.