**SUNBELT INSURANCE COMPANY, Appellant,**

v.

**Joyce CHILDRESS, et al., Appellees.**

**No. 1515.**

Court of Appeals of Texas, Tyler.

Aug. 26, 1982.

Robert Alderman, Jr., James S. Roper, Zeleskey, Cornelius, Rogers, Hallmark & Hicks, Lufkin, for appellant.

John H. Seale, Seale, Stover, Coffield & Gatlin, Jasper, for appellees.

RAMEY, Justice.

This is a worker's compensation case. The employee died as a result of a heart attack. He had been driving a truck in the course of his employment for Temple Eastex in the early morning hours of October 4, 1979, when he became ill. He then drove to his employer's truck yard, subsequent to which he was hospitalized. The employee died two days later in the hospital. On a verdict favorable to the deceased's three minor children the court entered a judgment for full death benefits to be paid weekly and allowed appellees' attorneys their unaccrued fees in a lump sum. The court overruled appellant's motion for judgment notwithstanding the verdict, and it perfected its appeal to this court. We affirm the trial court's judgment.

■ Appellant's first point of error is that the trial judge, after both sides had rested, improperly inquired of the jury concerning the weight to be given the testimony of appellant's medical witness. A local physician, Dr. Grover Winslow, was appellant's last witness; he was not a treating doctor. After the evidence had closed, appellee requested the court to ask the members of the jury whether their verdict would be affected by their personal relationships, if any, with Dr. Winslow. The motion alleged that in an informal conversation, appellant's counsel had advised movant's attorney that appellant's evidence would consist of "a couple of witnesses from out there at the plant and we are going to read Dr. Owen's deposition." Appellee's counsel argued that the jury panel had therefore not been qualified on their personal relationship with Dr. Winslow. Over appellant's objection, the court thereupon asked the jury in open court:

> Members of the jury, are there any of you whose relationship with Dr. Grover C. Winslow is such that you would believe him above any other doctor that you believe to be equally well qualified?

There was no response from any member of the jury.

We agree with the appellant that the trial court's inquiry of the jury after its

selection was improper. The court has some discretion in the conduct of a trial. *Trinity Universal Ins. Co. v. Jolly,* 307 S.W.2d 843, 848 (Tex.Civ.App.1957, writ ref'd n.r.e.). We, however, view the court's questioning of the jury after the presentation of the evidence to be untimely and not in keeping with the proper order of proceeding in a Texas jury trial. See Rule 265, Tex.R.Civ.P. As appellant argues, the court's question to the jury was a standard inquiry of a jury panel during voir dire examination; the information sought was relevant in the jury selection process. Here, however, the court questioned the jury about the witness after the jurors had heard and observed him and after all of the other evidence in the case had been received. The court's inquiry of the jury concerning Winslow at this stage of the trial was not proper.[1]

An examination of the record, however, does not reveal that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment herein. Rule 434, Tex.R.Civ.P.; 3 McDonald, Texas Civil Practice, § 11.20.1–2 (1981). Appellant has the burden of demonstrating that the error was harmful. *City of Galveston v. Hill,* 151 Tex. 139, 246 S.W.2d 860, 863 (1952). Although Dr. Winslow's testimony was relevant to a basic issue in the case, we do not believe that harm resulted for the following reasons.

First, it is not shown that the jury probably would have accepted Dr. Winslow's opinion had the court not made its jury inquiry. Appellant's other medical expert, Dr. Bill Owens, a Houston heart specialist, testified unequivocally that mental or physical stress was not, in the present state of the medical art, considered to be a contributing cause to heart attack; this testimony directly contradicted Dr. Winslow's testimony that stress might have been a cause of the deceased's demise if the victim had experienced angina while engaged in the stressful activity. There is no showing that the jury would have adopted Dr. Winslow's opinion, in the light of Dr. Owens' contrary testimony, had the court refrained from making its inquiry.

Second, an analysis of the trial court's inquiry demonstrates that it pertains solely to the jurors' personal relationships with Dr. Winslow. The court's question contained no reference to him as a person, his appearance, his experience, his competence, his integrity, his manner of giving testimony, or comment that might be remotely disparaging of the witness. Our examination of the record as a whole does not demonstrate that the error was calculated to cause and probably did cause the jury to render an improper verdict in this case. We therefore overrule appellant's first point of error.

■ Appellant's second point of error is that the trial court erred in permitting the widow to testify that the deceased related to her at the hospital that his "pain" had commenced about an hour before he arrived at his employer's yard. We agree that such testimony was inadmissible as hearsay.

Texas courts have recognized the exception to the hearsay rule that a lay person may testify concerning another's complaints of *present* bodily condition. *Casualty Ins. Co. of California v. Salinas,* 333 S.W.2d 109, 117, 118 (Tex.1960). Here it is undisputed that the declaration was not of present complaints but of a bodily condition that existed several hours prior to the declaration. See *Texas Employer's v. Hatcher,* 365 S.W.2d 641, 648, 649 (Tex.Civ.App.—Waco 1963, writ ref'd n.r.e.).

Appellee also urges that the testimony was admissible under the res gestae or

---

1. We do not sanction counsel "misleading" an adversary as to the witnesses expected to be called, but the record here does not disclose an intention to conceal Dr. Winslow's identity as a witness. Nevertheless, appellant was not without protection. The Texas rules of civil procedure specifically provide a discovery device to supply the requisite information. Rule 168, Tex.R.Civ.P. It was not used. Furthermore, appellant made no timely objection to Dr. Winslow's appearance as a witness, filed no motion for continuance predicated upon surprise, and apparently did not inquire in open court during the jury selection process as to the identity of expert witnesses the appellant expected to call.

spontaneous exclamation exception to the hearsay rule.[2] Again we cannot agree. The deceased's wife related that Mr. Childress only told her that he began "feeling bad" about an hour before he arrived at the yard; he did not acknowledge any chest or related pain whatsoever, but only a feeling he considered to be "indigestion." There was no startling event and no spontaneous utterance springing out of that occurrence as required in *Truckers Ins. Exc. v. Michling,* 364 S.W.2d 172, 174–175 (Tex.1963). There was a total absence of a startling event or a showing that the deceased was dominated by emotion at the time of the declaration.

Again, however, the record does not disclose that appellant was sufficiently harmed by the admission of the questioned testimony to reverse the trial court's judgment. Appellant contends that this was the only evidence that the deceased suffered any pain before taking a nap when he stopped his truck by the roadside en route to the yard. Dr. Winslow having testified that the stress of driving was a contributing cause to Mr. Childress' death had angina been experienced prior to the nap, it is claimed that Mrs. Childress' testimony was "tailored" to satisfy Winslow's opinion.

We do not agree that the testimony was so designed. The response in question was not elicited from Mrs. Childress on direct examination. She declined to testify that the deceased told her that he experienced any pain before the alleged nap or that the deceased told her that he had pain at any time; she testified only that he began "feeling bad" in a manner suggestive of indigestion. She did not testify where or when he said he had stopped for a nap other than it was "north of San Augustine." Likewise, Mrs. Childress' testimony that deceased said he stopped "about an hour before he got to the yard" was so imprecise, and yet brief as a time interval, that it would appear to preclude the onset of the deceased's malaise from satisfying the Win-

slow parameters as to employment stress as a producing cause of the heart attack. Appellant has not demonstrated that the questioned testimony was tailored to Winslow's opinion, or that it was reasonably calculated to cause and probably did cause the rendition of an improper verdict.

Furthermore, Mrs. Childress' testimony is only cumulative of other testimony in the record. The deceased's treating doctor, Dr. David Edgeworth, testified that the deceased told him that his pain commenced at between 4:30 and 5:30 in the morning. The medical technician, Rebecca Walker, testified that she saw the deceased at the company yard between 6:00 and 6:30 a.m. The spouse's testimony that the deceased said that the onset of his "feeling bad" was about an hour before reaching the yard is consistent therewith; Mrs. Childress' remark is only cumulative and harmless. *Best Steel Bridges, Inc. v. Harden,* 553 S.W.2d 122, 130 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). We overrule appellant's second point of error.

■ Appellant next contends that the trial court committed error in overruling its motion for judgment notwithstanding the verdict and entering judgment based upon the jury's answer to Special Issue No. 2, because there was no evidence to support the submission of that special issue, or in the alternative, there was insufficient evidence to support the answer, or in the alternative, the answer was against the great weight and preponderance of the evidence as to be manifestly unjust and wrong. We construe this point of error as raising "no evidence" and "insufficient evidence" points. Calvert, 38 Tex.L.R. 361 (1960); Rules 301, 418 Tex.R.Civ.P.

In Special Issue No. 2 the jury found that the deceased suffered a heart attack while in the course and scope of his employment as a truck driver for Temple Eastex. The rules for consideration of "no evidence" and "insufficient evidence" points of error have been stated many times. As to the "no

---

2. This exception to the hearsay rule may be referred to as a spontaneous exclamation or spontaneous declaration as to objective facts.

evidence" point, the reviewing court must reject all evidence contrary to the judgment and consider only the facts and circumstances that tend to support the judgment. In reviewing factual insufficiency points of error, the court considers all of the evidence. Calvert, *supra.*

In considering the legal sufficiency point, the evidence showed that the deceased had been driving an eighteen wheel truck 40½ of the 78½ hours preceding the onset of the heart attack. Truck driver Roy Forse, as well as Dr. Winslow, testified that driving more than 12 hours out of each 24 hours was excessive. The deceased told his treating doctor, Dr. David Edgeworth, that he had been doing heavy work and working long hours. Edgeworth likewise testified that Mr. Childress' lifestyle, his heavy smoking and his inherited tendency toward coronary heart disease predisposed him to his terminal illness. Dr. Edgeworth expressed the opinion that in reasonable medical probability the deceased's employment was a producing cause of his death.

The supreme court has liberally construed the words "accident" and "injury" in heart attack cases and in finding some evidence of overexertion as a cause of the attack. *Baird v. Texas Employer's Ins. Ass'n,* 495 S.W.2d 207, 210 (Tex.1973). The "overexertion" proof in the case at bar is much stronger and more direct than the deceased's general job description proof in *Henderson v. Traveler's Ins. Co.,* 544 S.W.2d 649, 654 (Tex.1976) which raised a fact issue of causation. We conclude that there was evidence of the vital facts in the record before us.

With respect to factual insufficiency of the evidence, as discussed, Drs. Owens and Winslow were of the opinion that under the hypothetical facts presented to them that stress from truck driving was not a producing cause of deceased's heart attack; as mentioned, Dr. Owens was of the opinion that physical exertion cannot be a cause of heart attack. There was testimony from Lyndon Jones, Temple Eastex Traffic Supervisor, and driver Roy Forse, whose tractor was similar to the deceased's, that Mr.

Childress' unit was air-conditioned, equipped with "air-ride" seats, power steering, air brakes, and that the driving conditions were not generally overly strenuous. Mr. Jones testified that the deceased had not complained about any particular stress or strain related to his work. In addition, Mr. Childress' driver's log for the day preceding the illness in question showed that he was at his home in Beach Grove, Texas, from 6:30 p.m. until midnight; this was contrary to the testimony of his widow and disputed by the history given to Dr. Edgeworth.

In view of the evidence that the deceased had been driving his truck long hours for three and one-half days prior to the onset of his illness, that these hours were excessive and that he was still on the road at the time of the attack, together with the attending physician's opinion that employment stress was a causative factor of the heart ailment, there was sufficient evidence to support the jury's finding to Special Issue No. 2, and the point is overruled.

In his fourth and fifth points of error appellant contends the trial court erred in awarding full compensation benefits to the minor plaintiffs, rather than discharging appellant's obligation to pay the surviving spouse's one-half of the benefits. Under the Texas statute of descent and distribution the surviving spouse is entitled to receive one-half of the death benefits and the deceased's children the remaining one-half. Article 8306, sec. 8a; Article 2578. The Industrial Accident Board denied all claims. Carolyn Childress, the surviving spouse, did not appeal from the Board's award. Hence her claim became final. Deceased's minor children did appeal, and after trial, secured judgment awarding them full death benefits.

*Freeman v. Texas Compensation Ins. Co.,* 603 S.W.2d 186, 190, (Tex.1980), teaches that it was the legislature's intent that vested weekly benefits be redistributed to the remaining beneficiaries, rather than discharged, when one beneficiary becomes ineligible to receive those benefits. *Freeman,* however, involved a spouse's remarriage,

and her interest had clearly vested prior to that marriage.

Nevertheless, we believe that the minor plaintiffs should recover the full compensation benefits. A compensation beneficiary's rights are determined by the facts existing at the time of the death of the deceased. These rights are "complete, absolute and vested" on that date. Article 8306, sec. 8a. "Death benefits are 'vested' in the sense that the status of the beneficiary as such is determined as of the date of a worker's death." *Freeman v. Texas Compensation Ins. Co., supra* at 190.

It is undisputed that Mrs. Carolyn Childress was the deceased's widow. Her status as a worker's compensation beneficiary was determined on the date of the death of her husband. Her subsequent failure to pursue her claim does not affect that status. Although the record herein sheds no light upon the explanation for the surviving spouse's nonappeal, she was entitled to waive her claim. *Texas Employers Ins. Ass'n v. Sloan,* 36 S.W.2d 319, 322 (Tex.Civ. App.—Austin 1931, writ dism'd). As an interest that had vested at the time of her husband's death, the surviving spouse's death benefits were subject to redistribution to the minor plaintiffs. We overrule appellant's fourth and fifth points of error.

In appellant's sixth point of error it argues that the trial court had no evidentiary basis upon which to order the payment of lump sum attorney's fees. The judgment recites that lump.sum attorney's fees are awarded in the amount of $17,225, being one-fourth of the present value of the unaccrued future benefits payable to the plaintiffs which was computed to the eighteenth birthday of the youngest plaintiff. The minor plaintiffs' birth certificates constituted the only supporting evidence.

Numerous Texas cases have approved the allowance of lump sum attorney's fees in worker's compensation death cases wherein the beneficiaries receive their benefits weekly. *Texas Employers Ins. Ass'n v. Dryden,* 612 S.W.2d 223, 225 (Tex.Civ.App. —Beaumont 1981, writ ref'd n.r.e.) and cases cited therein; *Texas Employers Ins.*

*Ass'n v. Critz,* 604 S.W.2d 479, 484, 485 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.) and cases cited therein. Two of those cases involve minor children as beneficiaries; in both cases lump sum attorney's fees were approved, although there was no evidence to support this aspect of the judgment. *Texas Employers Ins. Ass'n v. Dryden, supra* at 223, 225; *Texas Gen. Indem. Co. v. Dougharty,* 606 S.W.2d 725, 728, 729 (Tex.Civ.App.—Beaumont 1980, no writ).

It is within the trial court's discretion to determine whether lump sum attorney's fees should be ordered as well as the amount of those fees. *Texas Employers Ins. Ass'n v. Motley,* 491 S.W.2d 395, 396, 397 (Tex.1973); art. 8306, sec. 7d. In determining the amount of attorney's fees herein the trial court did not consider the additional death benefits that would be payable until one or more of the minor plaintiffs reaches age 25, if attending college on a full-time basis. Art. 8306, sec. 8. The trial court did not abuse its discretion in awarding the specified amount of lump sum attorney's fees awarded herein. We overrule this point.

Appellant's last point of error complains that the trial court erred in failing to discount the attorney's fees for present payment under the provisions of Article 8306a. We cannot agree. Article 8306a prescribes four circumstances wherein the discount should be ordered; attorney's fees are not included. As previously stated the determination of the amount of lump sum attorney's fees is within the trial court's discretion. *Texas Employers v. Motley, supra* at 396, 397. We do not agree that this discretionary fee should then be subject to a 4% reduction. Further since the court made no allowance to the minor plaintiffs for benefits beyond age eighteen, it appears that the trial court did not abuse its discretion in awarding $17,225 attorney's fees without discount. We overrule appellant's last point.

The judgment of the trial court is affirmed.