Thomas D. SMITH, Petitioner,

v.

E.R. STEPHENSON, Respondent.

No. C–970.

Supreme Court of Texas.

Nov. 3, 1982.

Rehearing Denied Dec. 15, 1982.

Stubbeman, McRae, Sealy, Laughlin & Browder, Robert A. MacInnes and J. Stockton Williams, Jr., Austin, for petitioner.

W. Tyler Moore, Jr., Bryan, for respondent.

CAMPBELL, Justice.

This is a suit on sworn account by a chiropractor, E.R. Stephenson, against his patient, Thomas D. Smith, for chiropractic services rendered in connection with a work-related injury. The trial court rendered judgment for Stephenson's chiropractic fees plus attorneys' fees. The court of appeals affirmed the judgment of the trial court. 624 S.W.2d 324. We reverse the judgment of the court of appeals and dismiss the cause.

Trial was to the court upon stipulations that Smith came to Dr. Stephenson for the treatment of an on-the-job injury; that Dr. Stephenson was aware his patient had a claim under the Workers' Compensation Act (the "Act"); that the injury was compensable; and that Dr. Stephenson sent his fee statements to the Industrial Accident Board (the "Board") and the self-insurer. A dispute arose before the Board as to the amount charged for the chiropractic services. Dr. Stephenson withdrew his claim from the Board proceedings and filed this suit upon sworn account against Smith in county court. The Board never made an award upon Dr. Stephenson's claim.

Smith filed a plea to the jurisdiction on the ground the trial court had no subject matter jurisdiction until final disposition by the Board of his compensation claim. Smith also filed a motion to dismiss claiming that, under the Act, the obligation to

pay for chiropractic services is placed solely upon the compensation carrier. The trial court overruled Smith's plea to the jurisdiction and motion to dismiss.

▐ Smith contends the Act places the obligation for payment of medical services provided an injured worker solely upon the compensation carrier; and that the Act relieves the worker of personal liability for payment for medical services provided for a compensable injury, at least until the health care provider pursues its administrative remedy through the Board and through the courts if appealed. We agree.

Article 8306, § 6[1] provides:

The ... chiropractic services ... as provided for in Section 7 hereof, shall be supplied as and when needed and according to the terms and provisions of said Section 7 .... In any event, the employee shall be entitled to the ... chiropractic service ... provided in this law.

Article 8306, § 7 provides:

The employee shall have the sole right to select or choose the persons or facilities to furnish ... chiropractic services ... and the association shall be obligated for same or, alternatively, at the employee's option, the association shall furnish such ... chiropractic services ... as may reasonably be required at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury .... The obligation of the association to be responsible for hospital services as herein provided shall not be held to include any obligation on the part of the association to pay for medical, nursing or surgical services not ordinarily provided by hospitals as a part of their services.

\* \* \* \* \* \*

Provided that any ... chiropractor rendering ... chiropractic care to any injured worker shall render an initial report as soon as practical identifying the injured worker and stating the nature and extent of the injury and thereafter shall render subsequent reports reasonably necessary to keep the status of the claimant's condition known.

\* \* \* \* \* \*

All reports and records requested hereunder shall be made to the association and the injured worker or his attorney. The failure of the ... chiropractor to make such reports ... shall relieve the association and the injured worker from any obligation to pay for the services rendered by the ... chiropractor ....

\* \* \* \* \* \*

In the event that the association shall contend before the Board that charges for ... chiropractic services ... are not fair and reasonable, the Board's award shall make an express finding of the amounts which are fair and reasonable charges for the ... services rendered .... If the amount found is less than those charges submitted by the provider of the ... services ..., then said provider shall be entitled to appeal Board's determination as if it were a party to the action.

In any subsequent appeal from the award of the Board, if the person or facility providing ... chiropractic services ... recovers an amount equal to or in excess of the charges submitted to the Board, such person or facility shall be entitled to recover from the association an additional amount equal to 12 percent of the amount unpaid and reasonable attorney's fees.

Article 8306, § 7a states:

If it be shown that the employee is receiving ... chiropractic services ... provided for by Section 7 hereof in such manner that there is reasonable ground for believing that the life, health or recovery of the employee is being endangered or impaired thereby, the Board

---

1. All statutory references are to Vernon's Tex. Rev.Civ.Stat.Ann., unless otherwise indicated.

may order a change in the physician [or] chiropractor .... If the employee fails promptly to comply with such order after receiving it, the Board may relieve the association from its responsibility to pay for or alternatively furnish ... chiropractic services ... until such time as the employee complies with the order of the Board.

Article 8306, § 7b provides:

All fees and charges under Section 7 and 7a hereof shall be fair and reasonable, shall be subject to regulation of the Board and shall be limited to such charges as are reasonable for similar treatment of injured persons of a like standard of living where such treatment is paid for by the injured person himself or someone acting for him. In determining what fees are reasonable, the Board may also consider the increased security of payment afforded by this law.

Article 8307, § 5 provides:

All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board.

The preceding sections of the Act prescribe a comprehensive arrangement by which an injured worker may be relieved, in great part, of the burdens arising from a work-related injury. The Act gives the employee the right to needed medical services, allows him to choose his own health care provider, obligates the carrier to pay for the services within limitations, requires the provider to supply medical reports and prescribes payment by the carrier resulting in an increased security of payment for the provider. The reasonableness and necessity of the medical fees is regulated by the Board. The provider has the right to appeal the Board award, and has the right to penalties and attorney's fees if the provider prevails upon appeal.

█ The rights and obligations of the parties to a claim under the Act are entirely controlled by statute except for some matters of form and procedure. Where the statute directs that action be taken in a certain way it may be performed in no other manner. *Truck Ins. Exchange v. Seelbach,* 161 Tex. 250, 339 S.W.2d 521, 523 (1960). The Act places the obligation upon the carrier to furnish or pay for reasonable medical services required to "cure and relieve" the injured worker; and it does so in mandatory language. Art. 8306, § 7. The authority to regulate the resulting medical fees is placed upon the Board, also in mandatory language. Arts. 8306, § 7b and 8307, § 5.

The court of appeals relies upon a construction of the art. 8306, § 7 requirement that a provider furnish reports to the carrier and the employee, and that the provider's failure to do so relieves the association *and the employee* from the duty to pay. The court reasoned "that such language contemplates the employee's obligation to pay, otherwise the employee would have no duty of which to be relieved." The court concluded that the Act allowed the employee to look to the carrier for payment or reimbursement for medical expenses incurred by the employee but does not relieve the employee from his contractual liability to pay his debt.

We do agree the employee maintains a contractual obligation to the provider, but his obligation is secondary to the primary (and mandatory) obligation of the carrier created by the Act. The employee is liable for the medical bills, but his liability is contingent upon a finding by the Board or the courts that the carrier is not obligated. The carrier's obligation is limited to those medical services reasonably required to "cure and relieve" the employee from the effects of his work-related injury and does not include hospital services not ordinarily provided by hospitals as part of their services. Art. 8306, § 7. The employee may very well remain liable for such charges as a private room, where a semi-private would be reasonable; or charges for a TV in the

room; or charges for services not related to the work-related injury; or charges for unprescribed medicines. These are the obligations of the employee referred to in art. 8306, § 7.

The extent of the employee's obligation for these charges depends upon the disposition of the claims before the Board as to what charges the carrier must pay. The employee may even become liable for all the medical expenses if the injury is found to be non-compensable. Until the claim is processed by the Board and a determination of reimbursement for or payment of medical expenses incurred by the employee is made, the provider may not pursue a private claim against the employee. Allowing the provider the right to file suit prior to final determination by the Board, or by the courts if the Board award is appealed, would circumvent the principal purpose of the Act, to protect the employee. *Maryland Cas. Co. v. Hendricks Memorial Hosp.,* 141 Tex. 23, 169 S.W.2d 969, 974 (1943).

This construction affords protection to the provider and the employee within the framework of the Act. The result is the smooth administration of medical benefits as intended by the Legislature. The Legislature has substituted a just, certain and adequate legal remedy for the remedy given the provider at common law. *Lebohm v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951, 954 (1955). We believe the general rule is well stated by Larson:

> The normal rule is that the obligation to pay medical bills runs from the employer to the physician or hospital. It follows that a hospital or doctor may not collect fees from the employee over and above the amount paid by the employer. Nor may such claims be pressed against the employee while the compensation proceedings are in progress; if it turns out that the claim was not compensable, and that the employee is to be ultimately liable for the fees, the physician or hospital has been protected by a holding that the statute of limitations is tolled during pendency of the claim.

A. Larson, The Law of Workmen's Compensation § 61.12(K) at 10–720 (1981).

Dr. Stephenson may not recover directly from Smith without first exhausting his remedy under the Act. The judgment of the court of appeals is reversed, and the cause is dismissed.