Jeffrey Wayne McCOLLUM and
Montfort of Colorado, Inc.,
Appellants,

v.

BAYLOR UNIVERSITY MEDICAL CEN-
TER and Fidelity & Casualty Company
of New York, Appellees.

No. 05–84–00665–CV.

Court of Appeals of Texas,
Dallas.

July 18, 1985.

Rehearing Denied Aug. 30, 1985.

Michael A. Robertson, Thorne & Robertson, Inc., Dallas, for appellants.

Kenneth K. Stephens, Stradley, Schmidt, Stephens & Wright, Dallas, for appellees.

Before AKIN, GUILLOT and HOWELL, JJ.

GUILLOT, Justice.

This is a consolidated appeal from two judgments, a judgment in a workers' compensation case and a declaratory judgment. McCollum and Montfort appeal with six points of error pertaining to the declaratory judgment, which concerns only Baylor, and two points pertaining to the compensation case, which concerns only Fidelity. For the reasons below, we reverse and remand the judgment in the compensation case; in the declaratory judgment case, we affirm the judgment as to Montfort and reverse and remand the judgment as to McCollum pending the outcome of the compensation case as directed in this opinion.

## THE WORKERS' COMPENSATION CASE

The litigation which spawned these appeals began when McCollum was shot while allegedly in the course and scope of his employment. He was treated for his injuries by Baylor Hospital. At the outset of treatment, he signed a contract in which he agreed to personally pay Baylor for his treatment plus interest and attorney's fees for its collection. He filed his workers' compensation suit against Fidelity for his alleged on-the-job injury. Baylor intervened for its hospital bill. Fidelity denied coverage asserting, among other things, that the injury did not occur in the course and scope of employment. A judgment for McCollum and Baylor was reversed by this court because McCollum failed to prove his average weekly wage rate. *Fidelity & Casualty Company v. McCollum*, 656 S.W.2d 527 (Tex.App.—Dallas 1983, writ ref'd n.r.e.).

While the compensation case was pending, McCollum sued Montfort as a third party tortfeasor. Baylor did not intervene

in that suit. McCollum settled the suit against Montfort. Then McCollum filed a declaratory judgment action against Baylor alleging that he was not liable for Baylor's bill. Baylor counterclaimed alleging that both McCollum and Montfort were liable under the Hospital Lien Act for McCollum's hospital bill. The trial court agreed and rendered a declaratory judgment against McCollum and Montfort jointly and severally for the hospital bill and against McCollum for contractual interest and attorney's fees.

After judgment was rendered for Baylor in the declaratory judgment case, Fidelity filed a motion for summary judgment in the compensation case. It alleged it was entitled to judgment as a matter of law on two grounds: (1) the settlement received by McCollum from Montfort exceeded any amount Fidelity might be liable for even if McCollum prevailed; and (2) in the declaratory judgment action, the trial court had ruled that McCollum and Montfort—not Fidelity—must pay the hospital bill out of the settlement proceeds. Agreeing with Fidelity, the trial court granted the motion and held that McCollum and Baylor take nothing from Fidelity.

Only McCollum appealed from the trial court's judgment in the compensation case. McCollum asserts two points of error concerning the compensation case. He contends, first, that there was no evidence to support the summary judgment and, second, that the trial court erred in granting judgment for Fidelity because the subrogation rights of McCollum and Fidelity under the Workers' Compensation Act ("the Act") had not been determined and an attorney's fee claim hinged thereon.

■■■ With respect to the no evidence point, the appellate record reveals that there was no summary judgment evidence to support the motion. The trial court had before it Fidelity's pleadings and unsworn motion and its declaratory judgment in the companion case. The motion alleged that McCollum's settlement of the third party action against Montfort exceeded more than the total amount of compensation and

medical benefits for which Fidelity would ever be liable. We hold that Fidelity's unsworn motion is not summary judgment evidence to support its summary judgment. *Barrow v. Jack's Catfish Inn,* 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, no writ); *United Parcel Service v. Helen of Troy Corporation,* 536 S.W.2d 415, 417 (Tex.Civ.App.—El Paso 1976, no writ). Absent proper summary judgment evidence on the amount of future medical expenses, we cannot hold that there is no genuine issue of fact as to the adequacy of the Montfort settlement.

■■■ McCollum, in his second ground of error, is correct in contending that the trial court erred in rendering summary judgment because McCollum's right to recover attorney's fees from Fidelity, based upon the benefit accruing to Fidelity for the prosecution of the third party action against Montfort, had not been determined. In the usual course of events, an injured worker tries his suit for compensation before he proceeds against any third party for common law damages. The compensation carrier then intervenes in the third party action, and from the carrier's subrogation recovery, the attorneys for the worker and carrier are awarded fees based on the benefit accruing to the association as a result of each attorney's service. The Act provides:

> If the association obtains an attorney to actively represent its interest and if the attorney actively participates in obtaining a recovery, the court shall award and apportion an attorney's fee allowable out of the association's subrogation recovery between such attorneys taking into account the benefit accruing to the association as a result of each attorney's service, the aggregate of such fees not to exceed thirty-three and one-third per cent (33⅓%) of the subrogated interest.

TEX.REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon Supp.1985). Because the trial court did not know the full extent of the amount of Fidelity's liability, if any, under the Act, it could not determine the "benefit accruing" to Fidelity as a result of McCol-

lum's settlement with Montfort. Therefore, it could not award attorney's fees for the service of McCollum's attorney as directed by the statute. *Cf. Chambers v. T.E.I.A.,* 693 S.W.2d 648 (Tex.App.—Dallas, 1985, no writ).

■ We hold that, even though this case did not follow the usual course, Fidelity is still liable under the Act for the benefit conferred upon it by McCollum's attorney, if any. We must keep in mind the purpose of the Act, and we must liberally construe it. *Texas Employers Insurance Association v. Holmes,* 145 Tex. 158, 196 S.W.2d 390, 394 (1946). The principal purpose of the Act is the protection of the employee. *Smith v. Stephenson,* 641 S.W.2d 900, 903 (Tex.1982). If Fidelity had already paid compensation and medical benefits to McCollum, it would be entitled to reimbursement from the settlement proceeds between Montfort and McCollum. In turn, McCollum would be entitled to an award of attorney's fees out of Fidelity's reimbursement. Consequently, the issue of Fidelity's liability under the Act must be tried in order to determine if Fidelity was benefited by the settlement. If so, Fidelity owes attorney's fees for the services of McCollum's attorney in obtaining a third party settlement. We sustain McCollum's second point.

## THE DECLARATORY JUDGMENT CASE

Ordinarily, McCollum, and Baylor through intervention, would have obtained judgment fixing Fidelity's liability, if any, under the Workers' Compensation Act before commencing a third party action against Montfort. If held liable, Fidelity would then have intervened in the third party action to recoup the compensation and medical bills it had paid. If the third party action were successful, Fidelity would recover the amount for which it intervened, out of which sum attorney's fees would be apportioned between it and McCollum. Any excess would go to McCollum. Had this usual chronology taken place, Baylor would not presently be involved because it would already have been paid by Fidelity.

■ As stated above, however, the usual chronology of events has not taken place in this case. There has been no final resolution of the compensation suit, and we do not know if McCollum has suffered a compensable injury so as to trigger the Act and its protection for both McCollum and Baylor. This does not preclude a determination of the rights and liabilities between Montfort and Baylor for those rights and liabilities are not governed by the Workers' Compensation Act. Instead, as between Montfort and Baylor, we must look to the Hospital Lien Act, ch. 769 § 1, 1971 Tex. Gen.Laws 2420, *amended by* Act of August 31, 1981, ch. 359, § 1, 1981 Tex.Gen. Laws 953, *repealed by* Act of January 1, 1984, ch. 576, § 6, 1983 Tex.Gen.Laws 3475, 3729-30. Regardless of its rights against McCollum, Baylor has a cause of action against Montfort for settling with McCollum without paying Baylor's hospital bill, *Republic Insurance Co. v. Shotwell,* 407 S.W.2d 864 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.), and Baylor has proven its case against Montfort. Accordingly, we affirm the judgment for Baylor against Montfort.

■ However, the rights and liabilities between McCollum and Baylor are contingent on retrial of the compensation suit. *Cf. Smith,* 641 S.W.2d at 902. We hold that if the trial court finds that McCollum did not suffer a compensable injury, then his relationship with Baylor is not governed by the Workers' Compensation Act, and in addition to owing the bill, he owes Baylor contractual interest and attorney's fees. If, however, McCollum is found to have suffered a compensable injury, then the rights and obligations of Baylor and McCollum are governed entirely by the Workers' Compensation Act. *Smith,* 641 S.W.2d at 902.

The trial court based its judgment on TEX.REV.CIV.STAT.ANN. art. 8307, § 6(a) (Vernon Supp.1985). That statute provides:

If at the conclusion of a third party action a workmen's compensation benefi-

ciary is entitled to compensation, the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act. When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be made by the association but if insufficient, the association shall resume such payments when the advance is exhausted. The reasonable and necessary medical expenses incurred by the claimant on account of the injury shall be deducted from the advance in the same manner as benefit payments.

McCollum's contract to pay interest and attorney's fees must be presumed to have been made in contemplation of the Act and its principal purpose, *viz.*, the protection of the employee. *Kerr v. Galloway,* 94 Tex. 641, 64 S.W.2d 858 (1901); *Smith,* 641 S.W.2d at 903. The Workers' Compensation Act allows Baylor to pursue Fidelity directly for payment of the hospital bill incurred by McCollum. *Maryland Casualty Co. v. Hendricks Memorial Hospital,* 141 Tex. 23, 169 S.W.2d 969, 974 (1943). The Act, therefore, provides funds not only for the injured employee, but also to hospitals who treat injured employees. In most instances, the injured worker has neither the funds nor insurance to cover the cost of the hospital bill. Clearly, it is because of the Act that injured employees are compensated and most hospital bills are paid.

By allowing Baylor to pursue Fidelity, the Act has substituted a "just, certain and adequate legal remedy" for the remedy given Baylor at common law and under its contract. *Smith,* 641 S.W.2d at 903. In return for the right to sue a solvent insurance company for its bill, Baylor must relinquish its remedy of suing McCollum, including its claim for interest and attorney's fees. This trade-off is fair and one which Baylor must make to claim the benefits of the Workers' Compensation Act. Consequently, if McCollum suffered a compensable injury, we hold that Baylor cannot recover from McCollum for its services, nor can it recover the contractual interest and attorney's fees. We are not deciding—because the issue is not before us—whether Baylor can recover prejudgment interest and attorney's fees from Fidelity.

Judgment in the compensation case is reversed and remanded with all costs in that case taxed against Fidelity.

In the declaratory judgment case, we affirm that part of the trial court's judgment in favor of Baylor and against Montfort. In all other respects, we reverse and remand with instructions that the trial court first proceed to trial in the compensation case. If McCollum obtains a judgment in the compensation case that his injury was compensable, then the trial court is instructed to render a declaratory judgment in favor of McCollum, and the costs in that case shall be taxed two-thirds against Montfort and one-third against Baylor. If Fidelity obtains a judgment that McCollum's injury was not compensable, then the trial court is instructed to render the same judgment it did below, and the costs in that case shall be taxed two-thirds against Montfort and one-third against McCollum.