**TEXAS EMPLOYERS INSURANCE CORPORATION, Appellant,**

v.

**Joann KEENOM, et al., Appellees.**

**No. 01–85–0468–CV.**

Court of Appeals of Texas,
Houston (1st Dist.)

Feb. 13, 1986.

Rehearing Denied Aug. 14, 1986.

Otway B. Denny, Jr., Roger Townsend, Scott D. Lassetter, W. Mark Lanier, Fulbright & Jaworski, Houston, for appellant.

David D. Williams, Mark W. Long, Riddle & Williams, Houston, for appellees.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

WARREN, Justice.

This is an appeal from the award of attorneys' fees in a workers' compensation case. The trial court entered judgment for appellees in accordance with the jury's verdict, which found that Daniel Keenom died in the course and scope of his employment. The appellant does not challenge the jury verdict, but challenges the amount of attorneys' fees awarded in the trial court's final judgment and the court's appointment of an attorney ad litem.

Daniel Keenom died of a heart/lung attack while working for Hydro-Services. Prior to the time the workers' compensation death case was tried, the beneficiaries of Daniel Keenom settled a third-party action against Dow Chemical Company, which arose out of his compensable death, for $45,000. Subsequent to the settlement, this compensation suit was tried before a jury, which rendered a verdict in favor of the appellees. The trial court's judgment awarded the appellees the following:

$30,942.29—which represents the unpaid accrued compensation benefits from the date of death to the date of Judgment at 4% interest compounded annually; and $1,250.00—for the statutory funeral and burial expense of Daniel Keenom; and $99.75—due and payable weekly beginning June 24, 1985. (This sum represents the stipulated compensation rate of $133.00 minus 25% attorney's fees).

The trial court awarded Riddle & Williams, P.C., attorneys' fees as follows:

$83,799.57—such sum representing 25% of $335,198.28, which represents the total amount of undiscounted compensation benefits owed to the Plaintiffs after T.E.I.A.'s third party credit has been fully recouped.

Further, the trial court allowed appellant a "credit" against sums otherwise recovered by the appellees in the following amount:

$33,750.00—sum representing the Keenoms' $45,000.00 third party recovery, less a deduction of 25% in recognition of a reasonable attorney's fee to the Keenoms' counsel for obtaining and recouping such credit for T.E.I.A.

Finally, the trial court's judgment awarded an ad litem fee of $5,000 to attorney Vaughn Stewart.

In six points of error, appellant maintains that the trial court erred: (1) in awarding Riddle & Williams, attorneys at law, fees from the credit T.E.I.A. received for the Keenoms' third-party settlement recovery; (2) in awarding four percent interest compounded annually on unpaid accrued benefits, which appellant asserts will never be owed; (3) in awarding attorneys' fees in a lump sum based on the total amount of undiscounted compensation benefits; (4) in awarding attorneys' fees greater than 25% of the claimants' recovery; and, (5) in appointing an unnecessary attorney ad litem, and awarding excessive ad litem fees.

■ The appellant's first point of error argues that Riddle & Williams, attorneys at law, should not have been awarded attorneys' fees from the credit that appellant received for the appellees' third-party recovery. Appellant relies on *Simpson v. Texas Employers Insurance Association*, 519 S.W.2d 209, 213 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.), which states that article 8307, sec. 6a provides that a carrier seeking subrogation from a subsequent third-party claim has three choices for attorneys: (1) The carrier may agree with the claimant's attorney upon a fee; (2) the carrier may obtain an attorney to actively represent its interests; or (3) the carrier may be ordered to pay a fee to the claimant's attorney. *Id.* at 213; Tex.Rev. Civ.Stat.Ann. art. 8307, sec. 6a (Vernon Supp.1986). However, appellant argues, without a previously adjudicated workers' compensation claim, the choices enumerated in *Simpson*, where the third-party action occurred after a settlement with T.E. I.A., and granted in article 8307, sec. 6a, are inapplicable. *Simpson*, 519 S.W.2d at 213. The appellant further maintains that in a subrogation case, it is not enough to show the attorneys' efforts benefitted another; rather, the attorneys' "efforts must have been undertaken *for* the person sought to be charged," citing *Bashara v. Baptist Memorial Hospital System*, 685 S.W.2d 307, 310 (Tex.1985). Under that test, appellant claims the appellees could not claim in the case at bar that the third-party action against Dow Chemical was undertaken for the benefit of appellant.

The appellee argues that had the claimants first settled their workers' compensation case and *then* made a recovery in the third-party action, which is the typical sequence of events, the claimant's counsel would be entitled to a fee for recouping the carrier's "subrogation interest" out of the third-party recovery, pursuant to art. 8307, sec. 6a. Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 6a (Vernon Supp.1986). Appellee urges that the same result should be reached when, though the sequence of events differ from the typical case, the same efforts by the claimant's counsel generated an economic gain to appellant T.E. I.A. in the form of a "credit" rather than a "subrogation interest."

The appellee distinguishes the facts in the instant case from those in *Bashara*. That case involved a quantum meruit claim for attorney's fees from sums recovered in payment of a hospital lien. *Bashara*, 685 S.W.2d at 308. The Texas Supreme Court held that the theory of quantum meruit does not apply where efforts were not undertaken "for the person sought to be charged." *Id.* at 310. Without proof of the quantum meruit elements, recovery was denied. *Id.* at 310.

Appellee relies upon *McCollum v. Baylor University Medical Center*, 697 S.W.2d 22 (Tex.App.—Dallas 1985, no writ). In *McCollum*, a consolidated appeal was taken from a workers' compensation case and a declaratory judgment. An employee was shot while allegedly in the course and scope of his employment, and treated at Baylor Hospital. The injured employee sued his insurer for workers' compensation benefits, and Baylor intervened for its hospital bill. A judgment for McCollum and Baylor was reversed by the appellate court because McCollum failed to prove his average weekly wage rate. While the compensation case was pending, McCollum sued the third-party tortfeasor, which suit was subsequently settled, and filed a declaratory judgment action against Baylor, alleging he was not liable to the hospital for treatment. Baylor counterclaimed, alleging that both McCollum and a third-party tortfeasor were liable under the Hospital Lien Act. A judgment for McCollum and Baylor on the workers' compensation case was reversed and remanded. On remand, the trial court granted a summary judgment for the insurer in the workers' compensation case and rendered a declaratory judgment holding McCollum and tortfeasor jointly and severally liable for the hospital bill. *Id.* at 23. The appellate court noted that in the usual course of events, an injured worker tries his compensation suit before he proceeds against any third-party for common law damages. In such a case, the compensa-

tion carrier then intervenes in the third-party action, and from the carrier's subrogation recovery, the attorneys for the worker and the carrier are awarded fees based on the benefit accruing to the association as a result of each attorney's services. *Id.* at 24. The court went on to hold that "even though this case did not follow the usual course, Fidelity [insurer] is still liable under the Act [art. 8307, sec. 6a] for the benefit conferred upon it by McCollum's attorney." *Id.* at 25. The court restates the rule found in *Texas Employers' Insurance Association v. Holmes,* 145 Tex. 158, 196 S.W.2d 390, 394 (1946), that the Workers' Compensation Act must be liberally construed. The purpose of the Act is the protection of the employee. *McCollum,* 697 S.W.2d at 25. The court concluded by saying that the issue of the insurer's liability under the Act must be tried in order to determine if the insurer was benefitted by the settlement and if so, the insurer owed attorney's fees for the services of McCollum's attorney in obtaining a third-party settlement. *Id.* at 25.

Appellant asserts that the holding in *McCollum* was erroneous and that the Texas Supreme Court, in *Johnson v. Second Injury Fund,* 688 S.W.2d 107, 109 (Tex. 1985), has held that a right to subrogation may not be implied. The facts in *Johnson* are distinguishable from the instant case. In *Johnson,* the issue was whether the Second Injury Fund was subrogated to the rights of the injured plaintiff Johnson in his personal injury suit against a third party. *Id.* at 107–08. While in the course of his employment, Mr. Johnson suffered an injury that resulted in the loss of vision of his left eye. Because he had previously lost the vision in his right eye, the cumulative effect of the two injuries was total and permanent disablement. Mr. Johnson received benefits from T.E.I.A. and the Second Injury Fund, *then* sued Texas Industries, Inc. for negligence. T.E.I.A. and the Second Injury Fund intervened, alleging subrogation rights to Johnson's third-party suit. Texas Industries agreed to a settlement with Johnson, which also included an agreement to reimburse T.E.I.A. for bene-

fits already paid out to Johnson, but there was no agreement to settle the Second Injury Fund's claim for subrogation. *Id.* at 108.

The *Johnson* case, unlike the instant case, dealt with sources of funding for the Second Injury Fund. In reversing the lower court, the Texas Supreme Court noted that the Second Injury Fund sought to establish a right of subrogation in order to increase the amount of money flowing into the fund. *Id.* at 108. Contrary to what the court of appeals held, the court stated that the statute was not silent on the question of how monies shall be obtained for the operation of the Second Injury Fund, but rather article 8306, sec. 12c–2 expressly provided the means of creating the fund. *Id.* at 108; Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 12c–2 (Vernon Supp.1986). The court held that since the legislature mandated the method by which the fund shall be funded, it was inappropriate to imply an additional source of funding. *Johnson,* 688 S.W.2d at 109.

In *Metropolitan Transit Authority v. Plessner,* 682 S.W.2d 650 (Tex.App.—Houston [1st Dist.] 1984, no writ), MTA filed a declaratory action against a number of its employees' attorneys to determine its right to the entire subrogation interest in settlement proceeds from third-party claims made by MTA's employees after those employees had recovered workers' benefits claims from MTA. Two of the employees' attorneys filed a cross action for a construction of art. 8307, sec. 6a, and a declaration that they were entitled to attorney fees in MTA's subrogation interest. *Id.* at 651. We held that the claimant's attorneys were entitled to withhold attorney fees from MTA's subrogation interest when the attorneys had obtained a settlement from a third-party without filing a lawsuit, regardless of whether the MTA had hired an attorney to represent its interest. *Id.* at 653. In interpreting art. 8307, sec. 6a, this Court noted that before the 1973 amendment, where an injured employee was entitled to damages from a third-party, and the employer hired its own attorney, the insur-

ance association would hire its attorney to intervene in the third-party suit and then do little more than see if the employee recovered anything that could be subrogated. Since the employee was entitled only to the excess of the amount subrogated to the carrier, the result was often that the insurance association received the benefits in obtaining the claim without compensating the attorney for his or her efforts. *Id.* at 653. "Section 6a was enacted to supply a remedy for attorneys who actually performed the work." *Id.* at 653.

We adopt the analysis of *Plessner*, 682 S.W.2d at 650, and the analysis and holding of *McCollum*, 697 S.W.2d at 22. Appellant's first point of error is overruled.

■ In its second point of error, the appellant claims that the trial court erred in awarding four percent interest compounded annually on unpaid accrued benefits that will never be owed. Part of the judgment grants the appellees recovery from the appellant for $30,942.28, which represents the unpaid accrued benefits to the date of the judgment at four percent interest compounded annually. Appellant argues that because of the third-party recovery from Dow Chemical for $45,000, it owes no money on unpaid accrued benefits. Their argument is that since T.E.I.A. received a credit that exceeded the appellees' unpaid accrued benefits, appellees have no "recovery" within the meaning of article 8306a. In support, appellant directs our attention to *Bundrick v. First National Bank*, 570 S.W.2d 12 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). That case involves a suit to recover on a promissory note. The judgment of the trial court was held to be erroneous because it allowed recovery for interest that would have been earned under the note where the bank had only sought judgment for the principal because it had accelerated the note. *Id.* at 16. *Bundrick* does not support appellant's assertion of error in the award of four percent interest compounded annually on unpaid accrued benefits under article 8306a.

The relevant language of article 8306a reads as follows:

Provided, however, where suits are legally brought by any claimant or beneficiary under any of the provisions of this Act *and recovery is had for past due weekly installments*, such claimant or beneficiary shall be entitled to recover interest on such past due installments at the rate of four (4%) per cent, compounded annually. Any judgment rendered pursuant to any of the provisions of this Act shall bear interest from the date it is rendered until paid at the rate of four (4%) per cent, compounded annually. (Emphasis added).

Tex.Rev.Civ.Stat.Ann. art. 8306a (Vernon 1967).

The jury verdict in the instant case found that Daniel Keenom suffered a heart/lung attack on *February 3, 1981*, that such heart/lung attack occurred in the course of his employment and was a producing cause of his death. At the time of trial on February 19, 1985, more than four years after the injury, no benefits had been paid. The final judgment awarded the appellees $30,942.28, which sum represents the *unpaid accrued benefits* to the date of judgment at four percent compound interest. The judgment next awarded the appellees $1,250 recovery from appellant for funeral expenses. Then the judgment awarded appellant a $33,750 credit, which represents the appellees' $45,000 third-party recovery, minus a 25% deduction for reasonable attorney's fee to appellees' counsel for obtaining and recouping the credit for the benefit of appellant. The judgment next stated that the credit of $33,750 be first applied against the unpaid accrued benefits of $30,942.28 and the funeral expense of $1,250, resulting in a remaining credit to T.E.I.A. in the amount of $1,557.72.

The language of article 8306a clearly allows a claimant to *recover interest* on *such past due installments* at the rate of four percent, compounded annually. Tex.Rev. Civ.Stat.ann. art. 8306a (Vernon 1967). Appellant would like to escape the four percent penalty provided under article 8306a by applying the $33,750 credit from the third-party recovery before the calculation

of the *unpaid accrued benefits*. The trial court properly calculated the past due installments at the rate of four percent interest compounded annually before applying the credit from third-party recovery. Accordingly, appellant's point of error number two is overruled.

■ Appellant's third point of error complains of error in awarding attorney's fees in a lump sum based on the total amount of undiscounted compensation benefits, relying upon *Texas Employers Insurance Association v. Motley*, 491 S.W.2d 395, 398 (Tex.1973). In *Motley*, the injured employee suffered a general injury and was awarded compensation for total and permanent disability to be paid in weekly installments. There was no third-party action involved. The court stated that the amount of attorney fees to be allowed in compensation cases is a matter for the trial court to determine without the aid of the jury, and the amount of the recovery is within its discretion. *Id.* at 397. There was no injury to the insurance company in allowing a lump sum payment in attorney fees. "It owes the money under the judgment, and the amount of the payment has been discounted to its present value from that which it would have had if paid in installments." *Id.* at 398.

The appellant also cites *Stott v. Texas Employers' Insurance Association*, 645 S.W.2d 778, 779 (Tex.1983). That case involved an appeal from a judgment awarding a lump sum attorney fees in a workers' compensation case. The beneficiary's attorney was awarded a lump sum fee of $28,527.33, representing 25% of the accrued benefits since an earlier Industrial Accident Board ruling, plus 25% of the estimated future benefits based on the Widow's Pension Table of the Workers' Compensation Act. *Id.* at 779. In reversing the appeals court, the supreme court held that no settlement with T.E.I.A. was reached within the meaning of Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 8(d) (Vernon 1986), which would bar a lump sum award of attorney fees. *Id.* at 781. In dicta, the court noted that the Workers' Compensation Act was to be liberally construed in favor of claimants and its purpose was to expedite the settlement of meritorious claims. *Id.* at 780. The court added:

> It is for this reason that Art. 8306 sec. 8(d) requires that a carrier unequivocally admit liability if it hopes to pay an award of attorney's fees periodically instead of in lump sum. The delaying tactics used here by T.E.I.A. in waiting until after the commencement of trial to offer an acceptance of liability, undermined the spirit and purpose of the Workers' Compensation Act. These actions forced the claimant to undergo the maximum amount of litigation while allowing TEIA to attempt to escape a lump sum attorney's fee award to the claimant which escape TEIA should only have been allowed if it had timely admitted liability. Such acts are disapproved by this court and we hold therefore that no settlement was reached within the meaning and intent of the statute. The tactics used by TEIA to force the claimant to needlessly litigate her claim fully were sufficiently repugnant to the spirit and purpose of the statute to preclude the finding that a settlement as contemplated by the Compensation act had occurred at that late date. For these reasons we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

*Id.* at 780–81.

The appellant next cites *American States Insurance Co. v. Caddell*, 644 S.W.2d 884, 888 (Tex.App.—Tyler 1982, no writ), as authority for awarding lump sum attorney fees based on discounted benefits. In fact, in *Caddell*, the insurance company complained that the judgment was in error because the award of attorneys' fees was not discounted as required under article 8306a. *Id.* at 888. The court took judicial notice of the tables and formulae of the Industrial Accident Board and the Widow's Pension Table, and further noted that article 8306a referred to a discount when the beneficiary's recovery was by lump sum payment. *Id.* In *Caddell*, the beneficiary did not seek a lump sum and so the court

was concerned only with the attorney's fees. The trial court ordered that there was a "present value of future workers' compensation benefits" from and after the date of judgment in the amount of $93,-611.70 and 25% of that amount was paid to counsel in lump sum, as attorney's fees, with the remaining 75% paid weekly to the beneficiary. *Id.* The court held that a discount was not mandated under article 8306a when the attorney fees are paid in lump sum. *Id.* "We hold that such payment of attorney's fees by lump sum is proper." *Id.* The court, in dicta, commented that it adhered to the rule set forth in other cases that the indefinite nature of death benefits award did not preclude the award of lump sum attorney's fees based on unaccrued compensation benefits. *Id.*

The final judgment in the instant case awarded Riddle & Williams, P.C., $83,-799.57 in attorney fees. That sum represented 25% of $335,198.28, the total amount of undiscounted compensation benefits owed to appellees after the appellant's credit has been fully recouped. The appellant claims the appellee's attorney received $95,049.57 in attorney fees, that amount being 25% of the undiscounted compensation benefits. However, $11,250 (the difference between the $95,049.57 which appellant claims are the attorney fees and the $83,799.57 in attorney fees awarded by the court) represented the 25% reduction of T.E.I.A.'s third-party credit. That amount, appellee argues, is not paid to the appellee's attorneys, but inures to the benefit of the appellee by reducing the amount of T.E.I.A.'s credit from $45,000 to $33,750. The smaller sum is then used for further calculations in the judgment for the appellee's benefits. By reducing the total third-party credit to appellant, more benefits flow to the appellees at an earlier date. The reduced credit is used by the trial court to: (1) make its further calculations concerning the date on which T.E.I.A. must resume payments to the appellees; and (2) calculate the total amount of undiscounted benefits that formed the basis of the attorney's fee award.

An award of attorney fees not to exceed 25% of the amount recovered is permitted under article 8306, sec. 7d, " ... such fee for service so rendered to be fixed and allowed by the trial court ..." Tex.Rev. Civ.Stat.Ann. art. 8306, sec. 7d (Vernon Supp.1986). The rule in Texas in workers' compensation cases seems to be settled that the amount of attorney fees and the method of payment are matters within the discretion of the trial court. *Motley,* 491 S.W.2d at 396–7 (Although article 8306, sec. 7d begins by stating that the fee is not to exceed 25% of the amount recovered, the court has construed the rest of that section to give the court independent discretion as to the fixing of attorney's fees.); *Caddell,* 644 S.W.2d at 888, (The amount of such fees and the method of their determination is a matter for the discretion of the trial court.).

In *Sunbelt Insurance Co. v. Childress,* 640 S.W.2d 356, 361 (Tex.App.—Tyler 1982, no writ), an employee died as a result of a heart attack. By jury verdict, the deceased's three minor children received a judgment for full death benefits to be paid weekly and the appellees' attorney was allowed their unaccrued fees in a lump sum. *Id.* at 357. The judgment recited that lump sum attorney fees were awarded in the amount of $17,225, that sum being 25% of the present value of the unaccrued future benefits payable to the plaintiffs which was computed to the eighteenth birthday of the youngest plaintiff. *Id.* at 361. The insurance company argued on appeal that the attorneys' fees should have been discounted for present payment under provisions of article 8306a. *Id.* at 361. The court said that article 8306a prescribed four circumstances where the discount should be awarded and "attorney's fees are not included." *Id.* at 361. Restating the rule in *Motley,* 491 S.W.2d at 397, that the determination of the amount of lump sum attorney's fees is within the trial court's discretion, the court stated that the discretionary fee should not be subject to a four percent reduction. *Id.* at 361.

Appellant has not shown that the trial court abused its discretion in awarding at-

torney's fees in a lump sum based on the total amount of undiscounted compensation benefits. Appellant's third point of error is overruled.

■ Appellant's fourth point of error asserts that the trial court erred in awarding attorney's fees greater than 25% of the claimants' recovery. Under article 8306, sec. 7d, an attorney may recover a fee " ... not to exceed twenty-five percent (25%) of the amount recovered ..." Tex. Rev.Civ.Stat.Ann. art. 8306, sec. 7d (Vernon Supp.1986). "In fixing and allowing such attorneys' fees the court must take into consideration the benefit accruing to the beneficiary as a result of such services." *Id.*

Appellant shows the following calculations:

| | |
|---|---|
| Appellees recovered $32,192.28 | —Accrued unpaid benefits ($30,942.28 + $1,250.00 funeral expenses) |
| +$336,756.00 | —Undiscounted future weekly benefits (48.7 years × 52 weeks × $133.00 per week) |
| $368,948.28 | —Undiscounted total recovery (without subtracting TEIA's credit for the $45,000 Dow settlement). |

Twenty-five percent (25%) of $368,948.28 = $92,237.07. Appellant argues that instead of $92,237.07, the attorneys' fees awarded were $95,049.57.

| | |
|---|---|
| $11,250.00 | Dow Settlement (25%) |
| 83,799.57 | Undiscounted compensation benefit (25%) |
| $95,049.57 | |

Therefore, appellant alleges that appellees' attorneys received $2,812.50 over the 25% provided by article 8306a.

Appellee points out the fallacy of the appellant's calculations by noting that the 25% reduction of T.E.I.A.'s third-party credit ($11,250.00) was not paid directly to appellees' attorneys, but rather, that the amount inured to the benefit of the appellees by reducing the amount of T.E.I.A.'s credit from $45,000 to $33,750.00 The smaller sum ($33,750) is then used in further calculations in the judgment of the appellees' benefits. In addition, the undiscounted total recovery was calculated to be $368,948.28. However, that figure did not have the $33,750.00 deducted (for T.E.I.A. third-party credit). The court properly calculated the total amount of undiscounted compensation benefits owed to the Keenoms to be $335,198.28 ($368,948.28–$33,750.00 = $335,198.28). Only after that amount ($335,198.28) was calculated were the attorneys' fees then calculated to be $83,799.57. The final judgment then orders:

11. That the reasonable attorney's fee of $83,799.57 to Riddle & Williams is now due and owing, and the Defendant TEIA is hereby ORDERED to pay such sum in the form of one lump sum payment; and further,....

There is no comparable order in the judgment that orders appellant to pay the $11,250. The award of attorneys' fees does not exceed 25% of the amount recovered; therefore appellant's fourth point of error is overruled.

In appellant's last two points of error, it asserts that the court erred in appointing an unnecessary attorney ad litem and in awarding excessive ad litem fees. Under Tex.Fam.Code Ann. sec. 12.04(7) (Vernon Supp.1986), a parent has the power to receive and give receipt for payments for the support of the child and to hold or disburse any funds for the benefit of the child. Under the rules of procedure,

where a minor: ... is a party to a suit either as plaintiff, defendant, or intervenor and is represented by a next friend or a guardian who appears to the court to have an interest adverse to such minor, ... the court shall appoint a guardian ad litem for such person and shall

allow him a reasonable fee for his services to be taxed as a part of the costs. Tex.R.Civ.P. 173.

■ Appellant claims that the proper test in appointing a guardian ad litem is the "adverse interest" test. Appellant cites *Leigh v. Bishop*, 678 S.W.2d 572, 573 (Tex. App.—Houston [14th Dist.] 1984, no writ), for the proposition that an appointment of a guardian ad litem although mandatory when authorized, was authorized *only* when it appeared to the court that the next friend had an interest adverse to the minor, citing *Newman v. King*, 433 S.W.2d 420, 421 (Tex.1968).

We agree with appellant's contention that the proper test is determining whether there is an adverse interest between the minor and next friend or whether such an adverse interest is likely to arise. *Leigh v. Bishop, supra; Newman v. King*, 433 S.W.2d 420 (Tex.1968); *Jones v. Martin*, 481 S.W.2d 467 (Tex.Civ.App.—Texarkana 1972, no writ); *Coleman v. Donaho*, 559 S.W.2d 860 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd); *Gibson v. Blanton*, 483 S.W.2d 372, 373 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ)

■ The determination of the existence of a conflict of interest requires the exercise of judicial discretion. *Gibson*, 483 S.W.2d at 373. If the trial court's order is one within his discretionary powers, the relator or appellant must show that such order is a clear abuse of discretion. *Lutheran Social Service, Inc. v. Meyers*, 460 S.W.2d 887 (Tex.1970); *Shroeder v. Brandon*, 141 Tex. 319, 172 S.W.2d 488 (1943); *Lipscomb v. Perry*, 100 Tex. 122, 96 S.W. 1069 (1906).

Whether or not the interests of the next friend are adverse to the interests of the minor he purports to represent is a preliminary issue to be determined by the court from the record and the evidence before him. *Scucchi v. Woodruff*, 503 S.W.2d 356 (Tex.App.—Fort Worth 1973, no writ).

Though the respective attorneys presented their allegation supporting and refuting the necessity for the appointment of an attorney ad litem, we have no sworn testimony before us pertinent co a present or potential adverse interest between the next friend and the minor. Neither is there an admission by appellees or the court that no conflict existed. As pointed out by appellant during oral argument, the court did state that it thought the appointment of an ad litem was in the best interest of the children, and appellee's counsel erroneously argued in the trial court that the test to determine whether to appoint an ad litem was the "best interest of the children." Further, the record shows that appellees were ably represented by their hired counsel and that no conflict actually arose between the minor and next friend.

Nevertheless, we are of the opinion that appellant has not carried its heavy burden of proving an abuse of discretion. *Lutheran Social Services*, 460 S.W.2d at 889.

■ Appellant also alleges that the attorney ad litem did absolutely nothing more than sit through a two day trial and make a short closing argument, for which he received payment of $5000. If the allegation was supported by evidence, we would agree with the contention. The record does show the participation by the ad litem as alleged by appellant, but it does not show that his participation was limited to his time and effort expended during trial. Appellant cites *Espinoza v. Victoria Bank & Trust Co.*, 572 S.W.2d 816 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.) in support of his contention that the ad litem fees were excessive and that the trial court abused his discretion in allowing the fees. In *Espinoza*, the bank's attorney testified that he spent about four hours in the drafting and presentation of a counterclaim, for which he was awarded $3600, or an hourly fee of $900. There was no such testimony showing the amount of time spent in the preparation and presentation of the present case.

Because an ad litem is an officer of the court, the trial court is vested with broad discretion in setting his compensation, and the court's decision as to reasonable compensation will not be overturned unless

there is a clear abuse, apparent from the record. *Poston v. Poston,* 572 S.W.2d 800, (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

From the state of the record we cannot say that the trial court abused its discretion in awarding $5000 ad litem fees.

Appellant's fifth and sixth points of error are overruled.

The judgment is affirmed.